ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN, A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
TUAN NGUYEN

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TUAN NGUYEN, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

VANTIV, INC.; VANTIV HOLDING, LLC, VANTIV, LLC; and DOES 1 through 10, inclusive,

Defendants.

Case No: 3:15-cv-02436-LB

Hon. Magistrate Judge Laurel Beeler

CLASS ACTION

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: May 19, 2016
Time: 9:30 a.m.
Ctrm: C, 15th Floor

Complaint Filed: April 9, 2015

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**PLEASE TAKE NOTICE THAT** on May 19, 2016 at 9:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Laurel Beeler located at 450 Golden Gate Avenue, Courtroom C, 15th Floor, San Francisco, California, Plaintiff TUAN NGUYEN will and hereby does move for an Order (1) preliminarily approving the settlement set forth in the Settlement Agreement and Release; (2) conditionally certifying the proposed Settlement Class; (3) appointing Plaintiff as the Settlement Class Representative; (4) appointing Plaintiff's Counsel as Settlement Class Counsel; (5) approving the designation of A.B. Data, Ltd. as the Claims Administrator; (6) approving the proposed notice plan; and (7) scheduling a fairness hearing for final approval of the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which provides for court approval of class action settlements. The basis for this Motion is that the proposed settlement is fair, adequate, and reasonable and in the best interests of the proposed Settlement Class as a whole, and that the procedures proposed are adequate to ensure the opportunity of the proposed Settlement Class Members to participate in, opt out of, or object to the settlement.

This Motion will be based on this notice of motion and motion, the accompanying memorandum of points and authorities, the parties' Settlement Agreement and Release, the Declarations of Eric A. Grover and Scot D. Bernstein, the Declaration of Christina Peters-Stasiewicz of A.B. Data, Ltd., the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: April 6, 2016

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*
ERIC A. GROVER
RACHAEL G. JUNG

*Counsel for Plaintiff*
TUAN NGUYEN

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. PROCEDURAL BACKGROUND AND SUMMARY OF CLAIMS .......... 2

III. SUMMARY OF SETTLEMENT TERMS .......... 4

A. The Settlement Class. .......... 4

B. The Common Fund. .......... 4

C. Payments to Settlement Class Members. .......... 5

D. The settlement's release provision. .......... 6

E. The notice program. .......... 7

F. Settlement Class Members may file a claim, opt out or object. .......... 9

G. The settlement provides reasonable enhancement for the Settlement Class Representative. .......... 10

H. Attorneys' fees and costs. .......... 10

I. Costs of notice and administering the settlement. .......... 10

J. The selected *cy pres* recipient of any residual funds. .......... 11

IV. LEGAL ANALYSIS .......... 11

A. Preliminary approval of the class action settlement is appropriate under Federal Rule of Civil Procedure 23. .......... 11

B. The Settlement Class satisfies Federal Rule of Civil Procedure 23 for conditional certification. .......... 12

1. FRCP 23(a) class certification requirements are satisfied. .......... 12

a. The Proposed Settlement Class is ascertainable and too numerous to make joinder practicable. .......... 12

b. Questions of law and fact common to members of the Settlement Class satisfy commonality. .......... 13

c. The Proposed Settlement Class Representative's claims are typical of the Settlement Class Members' claims. .......... 14

d. The Proposed Settlement Class Representative will adequately represent the Settlement Class. .......... 14

2. FRCP 23(b)(3) requirements for class certification are satisfied. .......... 15

**TABLE OF CONTENTS**
**(Cont.)**

**Page**

C. The settlement is fair and reasonable and not the result of fraud or collusion. ........ 16

1. The settlement amount is a fair compromise in light of the litigation risks and uncertainties. ........ 17

2. Sufficient formal and informal discovery allowed Plaintiff's Counsel to calculate class damages and make informed decisions regarding settlement. ........ 21

3. The settlement was the product of informed, non-collusive, and arm's-length negotiations between experienced counsel who jointly support the settlement. ........ 21

D. The proposed notice and claims process are reasonable. ........ 22

E. Plaintiff will submit a separate application for the requested attorneys' fees, costs, and expenses. ........ 23

F. The settlement provides a reasonable service award for the Settlement Class Representative. ........ 23

V. CONCLUSION ........ 24

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

**TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*
521 U.S. 591 (1997) ........ 15, 16

*Batmanghelich v. Sirius XM Radio, Inc.*
USDC CD Case No. 09-cv-9190 VBF ........ 19

*Boyd v. Bechtel Corp.*
485 F. Supp. 610 (N.D. Cal. 1979) ........ 21

*Carter v. Anderson Merchandisers, LP*
2010 WL 1946784 (C.D. Cal. May 11, 2010) ........ 22

*Churchill Village, L.L.C. v. Gen. Elec.*
361 F.3d 566 (9th Cir. 2004) ........ 16

*Cohorst v. BRE Properties, Inc. et al.*
USDC SD Cal. Case No. 10-cv-2666 ........ 19

*Cook v. Niedert*
142 F.3d 1004 (7th Cir. 1998) ........ 24

*Eisen v. Carlisle & Jacquelin*
417 U.S. 156 (1974) ........ 22

*Glass v. UBS Fin. Servs., Inc.*
No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ........ 18

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) ........ passim

*Hoffman v. Bank of America*
USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB ........ 19

*Ikonen v. Hartz Mountain Corp.*
122 F.R.D. 258 (S.D. Cal. 1988) ........ 13

*In re Beef Indus. Antitrust Litig.*
607 F.2d 167 (5th Cir. 1979) ........ 16

*In Re S. Ohio Corr. Facility*
175 F.R.D. 270 (S.D. Ohio 1997) ........ 23

*In re Syncor ERISA Litig.*
516 F.3d 1095 (9th Cir. 2008) ........ 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

**TABLE OF AUTHORITIES**
**(Cont.)**

**Page**

*Ingram v. The Coca-Cola Co.*
200 F.R.D. 685 (N.D. Ga. 2001) ........ 23, 24

*Knell v. FIA Card Services*
USDC SD Cal. Case No. 12-CV-00426-AJB-WVG ........ 19

*Lewis v. Starbucks Corp.*
2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ........ 21

*Marenco v. Visa Inc.*
USDC CD Case No. 10-cv-8022 DMG ........ 19

*McCabe v. Six Continents Hotels, Inc.*
USDC ND CA Case 3:12-cv-04818-NC ........ 20

*Mullane v. Cent. Hanover Bank & Trust Co.*
339 U.S. 306 (1950) ........ 22

*Nachshin v. AOL, LLC*
663 F.3d 1034 (9th Cir. 2011) ........ 11

*Nader v. Capital One Bank (USA), N.A.*
USDC CD Cal. Case No. 2:12-cv-01265-DSF ........ 19

*Officers for Justice v. Civil Serv. Comm'n*
688 F.2d 615 (9th Cir. 1982) ........ 16, 18

*Phillips Petroleum Co. v. Shutts*
472 U.S. 797 (1985) ........ 22

*Roberts v. Texaco, Inc.*
979 F. Supp. 185 (S.D.N.Y. 1997) ........ 23, 24

*Roberts v. Wyndham Hotel and Resorts LLC, et al.*
USDC ND CA Case No. 5:12-cv-05083-PSG ........ 20

*Romero v. Producers Dairy Foods, Inc.*
235 F.R.D. 474 (E.D. Cal. 2006) ........ 13

*Satchell v. Fed. Exp. Corp.*
2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ........ 22

*Silber v. Mabon*
18 F.3d 1449 (9th Cir. 1994) ........ 22

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

**TABLE OF AUTHORITIES**
**(Cont.)**

**Page**

*Six Mexican Workers v. Ariz.Citrus Growers*
904 F.2d 1301 (9th Cir.1990) ........ 11

*Skurov. BMW of North America, LLC*
USDC CD Case No. 10-cv-8672 GW ........ 18

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ........ 23

*Van Vranken v. Atl. Richfield Co.*
901 F. Supp. 294 (N.D. Cal. 1995) ........ 23, 24

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 180 L. Ed. 2d 374 (2011) ........ 13

*Wren v. RGIS Inventory Specialists*
2011 WL 1230826 (N.D. Cal. April 1, 2011) ........ 16, 22

**State Cases**

*Greenberg v. E-Trade Financial Corporation*
Los Angeles County Superior Court Case No. BC360152 ........ 19

*Mount v. Wells Fargo*
Los Angeles Superior Court Case No. BC395959 ........ 20

**Statutes**

California Penal Code
§ 630 ........ 14
§ 631 ........ 6
§ 632.7 ........ passim
§ 637.2 ........ 6, 13

**Other Authorities**

*Manual for Complex Litigation* (4th ed. 2004), § 21.61 ........ 12

**Rules**

Federal Rules of Civil Procedure
Rule 23 ........ passim

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Tuan Nguyen ("Plaintiff") brought this putative class action against Defendants Vantiv, Inc., Vantiv Holding, LLC and Vantiv, LLC (collectively "Defendants"), on behalf of himself and a proposed class of California residents who called certain of Defendants' toll free telephone numbers during the period January 24, 2014 through May 1, 2015, inclusive, and were recorded without notice or consent in violation of California Penal Code § 632.7.[1] Defendants deny these allegations and do not admit any liability or wrongdoing of any kind. Nevertheless, Plaintiff and Defendants wish to avoid the further expense and inconvenience of protracted litigation.

Plaintiff now seeks the Court's preliminary approval of a proposed class settlement in this action, the terms of which are set forth in the Settlement Agreement and Release ("the Settlement Agreement") attached as **Exhibit 1** to the Grover Declaration. The Settlement Agreement was reached after Plaintiff and Defendants (the "Parties") engaged in arm's-length settlement negotiations through their experienced counsel.[2] The negotiations included a formal mediation session with an experienced mediator.[3] The proposed settlement satisfies all the criteria for preliminary settlement approval under Federal Rule of Civil Procedure ("FRCP") 23 and is fair, reasonable, and adequate. Defendants do not oppose this motion.

The settlement is an excellent result for the proposed Settlement Class Members. The settlement will result in a cash payment to participating Settlement Class Members on terms that Plaintiff and Settlement Class Counsel believe to be fair, reasonable and adequate. Defendants are required to pay $2,000,000, referred to as the "Gross Settlement Amount," to settle the matter

---

[1] *See* Declaration of Eric A. Grover submitted in support of the motion for preliminary approval, Ex. 1 (the Settlement Agreement and Release ("Settlement Agreement")). Hereinafter, all "Ex." references are to the exhibits attached to the Grover Declaration. Unless notes otherwise, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

[2] Grover Decl. at ¶¶ 9-10, 34.

[3] Grover Decl. at ¶ 10; Ex. 1 at ¶ C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

and have no reversionary interest in that amount.[4]  After subtracting out the estimated costs of notice and administration, Settlement Class Counsel's proposed fees and costs, and the Settlement Class Representative's proposed enhancement award, the remaining portion available to Settlement Class Members ("the Net Settlement Fund") is estimated to be approximately $1,380,000.[5]  Settlement Class Members who file timely and valid claims will receive a payment from the Net Settlement Fund on a per call basis depending on how many qualifying calls they made during the Class Period (January 24, 2014 through May 1, 2015, inclusive) as a fraction of the total number of qualifying calls made by Settlement Class Members who submit valid and timely Claim Forms.[6]  Unless the $5,000 per call cap is invoked, the entire Net Settlement Fund will be paid to participating Settlement Class Members.[7]  Any residual funds from invocation of the cap and any uncashed settlement checks will be distributed to a selected *cy pres* recipient that provides indirect benefits to the proposed Settlement Class Members and relates to the subject matter of the lawsuit.[8]

Plaintiff respectfully requests that the Court (a) grant preliminary approval of the settlement, (b) conditionally grant certification of the proposed Settlement Class solely for the purposes of settlement, (c) approve the appointment of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator, (d) authorize notice pursuant to the proposed notice plan, (e) schedule a final fairness and approval hearing, (f) appoint Tuan Nguyen as Settlement Class Representative, and (g) appoint Eric A. Grover and Rachael G. Jung of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as Settlement Class Counsel.

## II.    PROCEDURAL BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff Nguyen filed his complaint on April 9, 2015 in Alameda County Superior Court.[9]

---

[4] Ex. 1 at ¶¶ 3.1, 3.8; Grover Decl. at ¶ 22.

[5] Ex. 1 at ¶ 3.4.

[6] Ex. 1 at ¶ 3.5.

[7] Ex. 1 at ¶ 3.5.  This cap will only come into play if the claims rate is less than 1%.  The claims rates in Settlement Class Counsels' other call recording settlements have all far exceeded 1%.

[8] Ex. 1 at ¶¶ 3.6, 3.8.

[9] Ex. 1 at ¶ A.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

On June 2, 2015, Defendants removed the action to this Court.[10] The complaint alleges unlawful-call-recording claims on behalf of persons who were California residents and who, while located in California, made calls from cellular or cordless telephones to Defendants' toll-free telephone numbers and were recorded without notice or consent in violation of California Penal Code § 632.7.[11]

As part of the settlement, the Parties have agreed that Plaintiff will seek the Court's permission to file a First Amended Complaint adding a claim on behalf of persons who were California residents and who, while located in California, made calls from hardwired landline telephones to Defendants' toll-free telephone numbers and were recorded without notice or consent in violation of California Penal Code § 632.[12]

Defendants have vigorously denied all of the allegations in their entirety.[13] To date, no class has been certified and no court has made a finding of any wrongdoing on the part of Defendants or that Defendants otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the litigation.[14]

From the filing of the original complaint through the mediation in February 2016, the Parties engaged in written and third-party discovery. Plaintiff Nguyen propounded multiple sets of written discovery and reviewed more than 2,000 pages of documents and information produced by Defendants and third-party Kinecta Federal Credit Union. Defendants propounded written discovery on Plaintiff and subpoenaed records from Kinecta Federal Credit Union. The Parties also informally exchanged information as part of the mediation process.[15]

On February 5, 2016, the Parties engaged in an all-day mediation session with the Hon. Layn R. Phillips (Ret.), formerly of the United States District Court for the Western District of

---

[10] Ex. 1 at ¶ A.

[11] Ex. 1 at ¶ A.

[12] Ex. 1 at ¶ A, Exhibit D (the First Amended Complaint).

[13] Ex. 1 at ¶ D.

[14] Grover Decl. at ¶ 8.

[15] Ex. 1 at ¶ B; Grover Decl. at ¶ 9.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

Oklahoma.[16] In response to a proposal by Judge Phillips, the Parties reached a tentative agreement.[17] All final terms of the Parties' settlement are set forth in the Settlement Agreement.[18]

## III. SUMMARY OF SETTLEMENT TERMS

### A. The Settlement Class.

The Parties agreed that the Settlement Class should be defined as:

> All natural persons who were California residents and who, while physically located in California, placed a call to one or more of 28 specific toll-free telephone numbers during the period from January 24, 2014 through May 1, 2015, inclusive, and spoke with a representative.[19]

A list of 28 toll-free numbers affected by a software error that caused un-noticed recording of calls to those numbers during the Class Period is attached to the Settlement Agreement as **Exhibit G**. Defendants have a record of every telephone number that called the toll-free telephone numbers listed in **Exhibit G** and was routed through the call recording software during the Class Period.[20] Defendants estimate that the Settlement Class totals no more than 35,000 individuals.[21]

### B. The Common Fund.

The settlement provides that Defendants will fund a Gross Settlement Amount in the amount of $2,000,000 to resolve the claims covered by the settlement.[22] After subtracting out approximately $85,000 to pay the costs of notice and administration, the amounts allocated to the fees and costs of Settlement Class Counsel (fees not to exceed $500,000 plus actual out-of-pocket costs, which are currently estimated not to exceed $25,000), and the Settlement Class

---

[16] Ex. 1 at ¶ C; Grover Decl. at ¶ 10.

[17] Ex. 1 at ¶ C.

[18] Ex. 1; Grover Decl. at ¶ 10.

[19] Ex. 1 at ¶ 1(h); Grover Decl. at ¶ 11.

[20] Ex. 1 at ¶ 3.5.

[21] Ex. 1 at ¶¶ 1(h), 3.5. Defendants believe that the number of telephone calls from California Area Codes during the Class Period totals no more than 30,850. The Parties agreed to use 35,000 potential Settlement Class Members to allow for the possibility that additional calls could turn up during the process of preparing the Class Member Contact List for the Claims Administrator.

[22] Ex. 1 at ¶ 3.1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

Representative enhancement award (not to exceed $10,000), the remaining funds, referred to as the Net Settlement Fund, will be available for distribution in full to the Settlement Class Members who file timely and valid claims.[23] The Net Settlement Fund is estimated to be $1,380,000.[24] Defendants do not have any reversionary interest in the Gross Settlement Amount.[25]

**C. <u>Payments to Settlement Class Members.</u>**

The Settlement Agreement provides that Settlement Class Members may submit claims forms by mail or online.[26] Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment based on the number of qualifying calls that person made during the Class Period multiplied by a the *per call* value determined by the formula set forth in the Settlement Agreement and summarized below.[27]

The *per call* value is determined by dividing the Net Settlement Fund by the aggregate number of Recorded Calls made by Settlement Class Members who submit valid and timely Claim Forms.[28] The resulting quotient, determined in dollars and cents, then shall be multiplied by the number of Recorded Calls made by or otherwise attributable to Settlement Class Members who submit valid and timely Claim Forms to determine the amount of the settlement payment each Authorized Claimant shall receive.[29]

By way of example, if the Net Settlement Fund equals $1,380,000 and the aggregate number of Recorded calls made by Settlement Class Members who submit valid and timely Claim Forms is 3,000 (an approximate 10% claims rate), the per-call settlement value would be $460. In this example, if a Settlement Class Member who submits a valid and timely Claim Form made five qualifying calls, the Settlement Class Member would receive a settlement payment in the amount of $2,300 (5 calls x $460 per call). The per call settlement value is capped

---

[23] Ex. 1 at ¶ 3.4; Grover Decl. at ¶ 17.

[24] Ex. 1 at ¶ 3.4; Grover Decl. at ¶ 17.

[25] Ex. 1 at ¶ 3.8; Grover Decl. at ¶¶ 17, 22.

[26] Ex. 1 at ¶¶ 3.5, 7.1, Settlement Agreement Exhibit A (Claim Form).

[27] Ex. 1 at ¶ 3.5.

[28] Ex. 1 at ¶ 3.5.

[29] Ex. 1 at ¶ 3.5; Grover Decl. at ¶ 18.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

at $5,000, which is the amount per violation set forth in Penal Code § 637.2.[30]

The allocation of the Net Settlement Fund amongst participating Class Members is fair given the claims alleged and in comparison to numerous other settlements of similar claims. As detailed at length in paragraph 15 of the Grover Declaration, when compared in per capita terms, the proposed settlement in this action compares favorably against ten telephone recording settlements that received final approval and one that just received preliminary approval.[31] The "per capita" settlement amount here is estimated at $64.83 per call ($2,000,000/30,850), compared to between $0.75 and $30 in the other call recording settlements that received final approval.[32] The recovery for participating Settlement Class Members through settlement at this juncture is reasonable and fair when compared against these other settlements.

**D. <u>The settlement's release provision.</u>**

The settlement provides that Settlement Class Members who do not opt out will release certain call-recording claims against Defendants. The scope of the Released Claims is set forth in Section 11 of the Settlement Agreement. To summarize, the settlement provides that Settlement Class Members who do not opt out will release all claims against Defendants that were or reasonably could have been asserted based on the factual allegations contained in the operative complaint, or that relate to or arise out of the alleged recording, monitoring, or eavesdropping upon telephone calls made to Defendants prior to May 1, 2015, the last day of the Class Period.[33] The Released Claims include claims under California Penal Code §§ 631, 632, 632.7, and 637.2 as well as any California or federal law prohibiting or regulating the monitoring, recording or

---

[30] Ex. 1 at ¶ 3.5. As noted above, the cap will not be triggered unless the claims rate is less than 1%.

[31] Grover Decl. at ¶ 15.

[32] Moreover, because the settlement payments in this case will be calculated on a *per call* basis if, as is almost certainly the case, the average class member made more than one call, the settlement payment per class member will be greater than $64.83. (For example, the Plaintiff made several calls to Defendants during the Class Period.)

[33] Ex. 1 at ¶ 11.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

eavesdropping on telephone calls.[34] The Released Claims are aligned closely with the class claims and the underlying factual allegations alleged in the operative complaint.[35]

**E. The notice program.**

The settlement provides for a robust settlement notice program that explains in plain language the nature of the lawsuit, the terms of the settlement, Settlement Class Members' rights, and the steps necessary to make a claim for payment under, request exclusion from, or object to, the settlement.[36] The Parties agreed upon a notice procedure that includes notification by U.S. mail, email, direct telephone notice and a Settlement Website.[37]

The Settlement Agreement provides that Defendants shall compile a list of the unique telephone numbers with California Area Codes associated with all Recorded Calls made to Defendants' 28 affected toll-free telephone numbers (Settlement Agreement, **Exhibit G**) during the Class Period. If multiple calls were placed from a telephone number, there will be a separate listing for each call. Defendants also will provide any caller names or other identifying information associated with the list of telephone numbers, to the extent that such names or other information are in their possession in searchable database form. Each call will be linked with the name of the entity that issued the card for which customer service was provided on the call. All of the information collected by Defendants, taken in total, is referred to as the Class Member Contact List.[38]

No more than 30 days after the Court enters its order preliminarily approving the settlement, Defendants will provide the Class Member Contact List to A.B. Data, the proposed Claims Administrator. A.B. Data will run database searches on the phone numbers that

---

[34] Ex. 1 at ¶ 11.1.

[35] *See* Ex. 1 at ¶ 11.1, Settlement Agreement **Exhibit D**. Moreover, the Released Claims do not cover any telephone calls made by Settlement Class Members to Defendants' clients that were not routed to Defendants' contact center.

[36] *See* Ex. 1 at ¶¶ 6.1-6.8, and Settlement Agreement **Exhibits B** and **C** (proposed Settlement Class Notice and Email Settlement Class Notice).

[37] Ex. 1 at ¶¶ 6.1-6.8. *See also*, Declaration of Christine Peters-Stasiewicz of A.B. Data ("Peters-Stasiewicz Decl.") submitted herewith, outlining the proposed notice plan in detail.

[38] Ex. 1 at ¶ 6.1; Grover Decl. at ¶ 28.

Defendants provide in order to obtain the names and/or mailing addresses associated with each telephone number for which no name or mailing address was provided, and will confirm all mailing addresses. A.B. Data will also run all of the addresses though the National Change of Address database before mailing the Settlement Class Notice. A.B. Data will also make efforts to obtain email addresses associated with each telephone number [39]

Not later 60 calendar days after the Court enters an order granting preliminary approval, A.B. Data shall send, by regular mail, the approved Settlement Class Notice (Settlement Agreement, **Exhibit B**) to each Settlement Class Member with an identified mailing address and email the Email Settlement Class Notice (Settlement Agreement, **Exhibit C**) to each Settlement Class Member with an identified email address.[40]

Between 55 and 60 calendar days after the entry of the Court's order preliminarily approving the Class Action Settlement, A.B. Data shall make a direct telephone call to the current holder of each telephone number for which no mailing or email address could be located informing the holder of the telephone number of the existence of the settlement and directing them to the Settlement Website, discussed in the following paragraph. A.B. Data also shall make such direct telephone calls to telephone numbers associated with any undeliverable Settlement Class Notices or Email Notices for whom a skip-trace does not provide an updated address.[41]

In addition, not later than 50 calendar days after the Court enters the preliminary approval order, A.B. Data will publish a website on the internet at the URL www.CardServicesSettlement.com (or a similar name if that one is not available) ("Settlement Website"). That website shall set forth a summary of the settlement terms, state the means by which Settlement Class Members may communicate with A.B. Data (including but not limited to the A.B. Data's business name, address, toll-free telephone number, and e-mail address), and contain a set of Frequently Asked Questions and

[39] Ex. 1 at ¶ 6.2; Grover Decl. at ¶ 28.

[40] Ex. 1 at ¶ 6.3, Settlement Agreement Exhibit C (Email Settlement Class Notice); Grover Decl. at ¶ 29.

[41] Ex. 1 at ¶ 6.4; Grover Decl. at ¶ 30.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

corresponding answers, instructions on how to submit a Claim Form (both electronically and by mail) and the deadline to do so, instructions on how to object to, and opt out of, the settlement and the deadlines to do so. The Settlement Website also shall provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents: the Settlement Agreement; the First Amended Complaint; the Answer to the First Amended Complaint; the Court's order preliminarily approving the settlement; the Claim Form (Settlement Agreement, **Exhibit A**); the Settlement Class Notice (Settlement Agreement, **Exhibit B**); the motion for an award of attorney's fees, litigation costs, administration costs, and the Settlement Class Representative's enhancement award; and the motion for final approval. The Settlement Website shall remain active for 90 calendar days after the Settlement Effective Date.[42]

Additionally, not later than 90 calendar days after the Court enters the preliminary approval order, A.B. Data will contact Settlement Class Counsel and Defense Counsel with the number of claims that have been submitted for their joint determination whether sending a reminder notice postcard and reminder email notice will be beneficial. If Settlement Class Counsel and Defense Counsel jointly determine that sending a reminder postcard notice and reminder email notice will be beneficial, the Parties will meet and confer on the appropriate reminder language and direct A.B. Data to send the reminder once to any persons who originally were sent the Settlement Class Notice and/or Email Notice but who have not yet submitted a claim or requested exclusion from the class.[43]

**F. <u>Settlement Class Members may file a claim, opt out or object.</u>**

All Settlement Class Members will have the opportunity to file a claim form to participate in the settlement, request exclusion from the settlement, or object to the settlement terms.[44] Settlement Class Members will have 90 days from the date that A.B. Data first mails the notice

---

[42] Ex. 1 at ¶ 6.6, Settlement Agreement Exhibits A (Claim Form) and B (Long-form Settlement Class Notice); Grover Decl. at ¶ 31.

[43] Ex. 1 at ¶ 6.5; Grover Decl. at ¶ 32.

[44] Ex. 1 at ¶¶ 7.3, 8.1 and 8.3, Settlement Agreement Exhibit A (Claim Form); Grover Decl. at ¶ 23.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

and sends the email notices to electronically submit an online claim form, postmark a claim form, submit an opt-out request, or file an objection.[45]

**G. <u>The settlement provides reasonable enhancement for the Settlement Class Representative.</u>**

The settlement provides a reasonable enhancement for the named Plaintiff to compensate him for the risks he incurred and the time and effort he expended in coming forward to provide information in support of the claims based on the privacy violations alleged in the complaint.[46] Subject to the Court's approval, the settlement provides that a reasonable enhancement of not more than $10,000 to Plaintiff Nguyen.[47] With the motion for attorneys' fees and litigation expenses, Plaintiff will submit a declaration detailing the time and effort he put in to this case.[48]

**H. <u>Attorneys' fees and costs.</u>**

The settlement provides that, in connection with final approval, Settlement Class Counsel may seek an award of attorneys' fees of no more than $500,000, which is 25% of the Gross Settlement Amount, and actual out-of-pocket costs, which are estimated not to exceed $25,000.[49] Defendants may not oppose Class Counsel's fee and costs application if it does not exceed those amounts. Plaintiff will file a motion seeking reasonable attorneys' fees and out-of-pocket costs no later than 15 days before the deadline for objections to the settlement.[50]

**I. <u>Costs of notice and administering the settlement.</u>**

Subject to the Court's approval, the Settlement Agreement allocates approximately $85,000 of the Gross Settlement Amount for the Claims Administrator's costs of providing notice to the proposed Settlement Class and administering the settlement.[51] The anticipated cost of notice and administration represents only 4.25% of the Gross Settlement Amount.

---

[45] Ex. 1 at ¶¶ 7.1, 7.3, 8.1 and 8.3.

[46] Ex. 1 at ¶ 3.3; *see also*, Grover Decl. at ¶¶ 24, 43, 44.

[47] Ex. 1 at ¶ 3.3.

[48] Grover Decl. at ¶ 45.

[49] Ex. 1 at ¶ 3.2. Plaintiff will file a motion seeking an award of fees and costs no later than 15 days before the deadline for objections to the settlement. Grover Decl. at ¶ 46; Ex. 1 at ¶ 15.

[50] Ex. 1 at ¶ 3.2.

[51] Ex. 1 at ¶ 3.4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

**J. The selected *cy pres* recipient of any residual funds.**

The *cy pres* doctrine allows for unclaimed or non-distributable portions of a class action settlement fund to be distributed in a manner that still indirectly benefits the class.[52] Unclaimed settlement funds should be put to their "next best use" in light of "the purposes of the underlying lawsuit or the class of plaintiffs involved."[53]

Here, the Parties have agreed that if the payments for Settlement Class Members' claims do not exhaust the Net Settlement Fund, any remaining amount (as well as the funds represented by any uncashed settlement checks) will be paid to the Parties' selected *cy pres* beneficiary, Consumer Federation of California, subject to the Court's approval.[54] The selected *cy pres* recipient relates to the subject matter of the lawsuit and the class members.[55] Consumer Federation of California is a California nonprofit that advocates for consumer rights, including privacy protection issues.[56] A donation to the selected *cy pres* recipient will serve as the "next best use" of any residual settlement funds.[57]

## IV. LEGAL ANALYSIS

### A. Preliminary approval of the class action settlement is appropriate under Federal Rule of Civil Procedure 23.

A class action may not be dismissed, compromised or settled without the Court's approval.[58] Proper review and approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement after submission of a written motion; (2) dissemination of mailed and/or published notice of the settlement to all class members; and (3) a

---

[52] *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038-39 (9th Cir. 2011); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306-07 (9th Cir.1990).

[53] *Nachshin*, 663 F.3d at 1038-39; *see also*, *Six Mexican Workers*, 904 F.2d at 1306-07.

[54] Ex. 1 at ¶¶ 3.6, 3.8, 10.1; Grover Decl. at ¶ 19. Further information is available on Consumer Federation of California's website for additional information: https://consumercal.org/.

[55] *See Nachshin*, 663 F.3d at 1038-39; Grover Decl. at ¶¶ 20-21.

[56] *See* Consumer Federation of California's website: https://consumercal.org/. *See also,* Grover Decl. at ¶ 20.

[57] *See Nachshin*, 663 F.3d at 1038-39.

[58] *See* Fed. R. Civ. P. 23(e).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

formal fairness hearing, or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.[59] The decision to approve or reject a proposed settlement is committed to the sound discretion of the court.[60]

FRCP 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified;[61] and (2) that the settlement is fair, reasonable, and adequate.[62] Here, both of those are satisfied.[63]

**B. <u>The Settlement Class satisfies Federal Rule of Civil Procedure 23 for conditional certification.</u>**

Rule 23(a) sets out four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.[64] Further, Rule 23(b)(3) provides that a class action seeking monetary relief may be maintained only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[65] All of the requirements are met here.[66]

**1. FRCP 23(a) class certification requirements are satisfied.**

a. <u>The Proposed Settlement Class is ascertainable and too numerous to make joinder practicable.</u>

The numerosity prerequisite demands that the class be large enough that joinder of all

---

[59] *Manual for Complex Litigation* (4th ed. 2004), § 21.61.

[60] *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

[61] Fed. R. Civ. P. 23(a).

[62] Fed. R. Civ. P. 23(e)(2).

[63] *See* Ex. 1.

[64] Fed. R. Civ. P. 23(a)(1)-(4).

[65] Fed. R. Civ. P. 23(b)(3).

[66] For purposes of settlement approval only, Defendants have agreed to the certification of the proposed class and appointment of the proposed class representatives and Class Counsel. Ex. 1 at ¶ 2.4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

members would be impracticable.[67] While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members.[68]

Defendants estimate that approximately 30,000 individuals used telephones with a California Area Code during the Class Period to call the Vantiv toll-free numbers at issue and were recorded without notice.[69] Thus, in addition to being ascertainable, the proposed Settlement Class is sufficiently numerous to warrant certification.

b. Questions of law and fact common to members of the Settlement Class satisfy commonality.

The commonality prerequisite for class certification concerns the existence of questions of law and/or fact common to the class and is "construed permissively."[70] To satisfy the commonality requirement of Rule 23(a), the plaintiff must assert at least one common contention that is capable of class-wide resolution.[71]

Here, the proposed Settlement Class Members' claims all stem from a common set of circumstances. All of the Settlement Class Members made calls to one or more of 28 toll-free telephone numbers operated by Defendants that were affected by a software error that resulted in un-noticed recording of calls during the Class Period. Whether Defendants' uniform un-noticed call recording during the Class Period violated Penal Code §§ 632 and 632.7 creates questions of law and fact common to all Settlement Class Members. All Settlement Class Members seek the same legal remedies under Penal Code §637.2.[72]

Under these circumstances, the requirement that common questions of law and/or fact exist among the proposed Settlement Class Members is satisfied for purposes of certifying the

---

67 Fed. R. Civ. P. 23(a)(1).

68 *See e.g.*, *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (40 class members satisfies numerosity); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006) (same).

69 Ex. 1 at ¶ 6.1; Grover Decl. at ¶¶ 38-39.

70 *Hanlon*, 150 F.3d at 1019.

71 *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

72 Grover Decl. at ¶ 40.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

proposed class for settlement.[73]

c. The Proposed Settlement Class Representative's claims are typical of the Settlement Class Members' claims.

The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical."[74] In this case, Plaintiff Nguyen, the proposed Settlement Class Representative, like all of the proposed Settlement Class Members, made calls during the Class Period to certain one or more of Defendants' affected toll-free numbers from a telephone while located in California, reached a representative of Defendant, and had the calls recorded, allegedly without consent.[75] Thus, the Named Plaintiff's claims arise from the same course of conduct from which the Settlement Class Members' claims arise.[76]

d. The Proposed Settlement Class Representative will adequately represent the Settlement Class.

The adequacy prerequisite permits class certification if the "representative parties will fairly and adequately protect the interests of the class."[77] This means that proposed class representatives and their counsel cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class.[78] Neither Plaintiff nor any of his Counsel has a conflict with any Settlement Class Member.

The Named Plaintiff has also demonstrated that he will aggressively and competently assert the interests of the proposed Settlement Class Members. Plaintiff has retained competent counsel, experienced in litigating class action claims, including those in the context of alleged violations of the California Invasion of Privacy Act, Penal Code §§ 630, *et seq.*[79]

---

[73] *Id.*

[74] *Hanlon*, 150 F.3d at 1020.

[75] *See* Settlement Agreement Exhibit D (proposed First Amended Complaint).

[76] Grover Decl. at ¶ 41.

[77] Fed. R. Civ. P. 23(a)(4).

[78] *Hanlon*, 150 F.3d at 1020.

[79] *See* Grover Decl. at ¶¶ 1-4, 12, 34, 42; Declaration of Scot D. Bernstein at ¶ 2, Ex. 1.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

**2.   FRCP 23(b)(3) requirements for class certification are satisfied.**

Under Rule 23(b)(3), Plaintiff must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating controversy."  This analysis focuses on "the relationship between the common and individual issues" and "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[80]  In other words, courts must determine whether the focus of the proposed class action will be on the actions and conduct of the defendants rather than the behavior of individual class members.[81]

Here, the common questions predominate over any individual questions.  If the class was certified and the action proceeded to trial, resolution of the putative class members' claims would be determined by key common questions, such as whether Defendants had policies and practices of recording and/or monitoring, without the knowledge and consent of callers, telephone calls to Defendants' call centers.  These uniform policies and practices are at the core of Plaintiff's allegations that California Penal Code §§ 632 and 632.7 was violated. Thus, they would determine liability to the Class and, therefore, would predominate over any potential individualized issues.

Further, class action procedure is superior to a multitude of individual suits.  To determine whether the class approach is superior, courts consider: (1) the interest of class members in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability of concentrating the litigation in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action.[82]  Here, a class action device is preferable because the Class Members do not have a strong interest in controlling their individual claims.  Indeed the individual prosecution of the claims, if it were to occur, would be identical to and duplicative of the class action litigation.  The use of the class action mechanism here also

---

[80] *Hanlon*, 150 F.3d at 1020; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).
[81] *Hanlon*, 150 F.3d at 1022-23.
[82] Fed. R. Civ. P. 23(b)(3)(A)-(D).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

would efficiently resolve numerous identical claims at the same time while avoiding waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. Although manageability is not a concern in the settlement context,[83] Plaintiff is unaware of any issues that would render unmanageable the adjudication of Plaintiff's class claims if the case were to proceed to trial. Accordingly, the class action is the superior method for adjudication the claims in this action.

**C. <u>The settlement is fair and reasonable and not the result of fraud or collusion.</u>**

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate."[84] In exercising their sound discretion to approve settlements, courts regularly consider whether the settlement is fair, non-collusive, and "reflects all the normal perils of litigation as well as the additional uncertainties inherent in complex class actions."[85] Included in this analysis are considerations of "(1) the strength of the Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence or absence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."[86]

Importantly, there is a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining."[87] There also is "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."[88] Applying these

---

[83] *Amchem*, 521 U.S. at 593 ("Whether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial.").

[84] Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

[85] *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179-80 (5th Cir. 1979).

[86] *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) citing *Hanlon*, 150 F.3d at 1026.

[87] *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. April 1, 2011).

[88] *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

factors to this case, the proposed settlement is fair, reasonable, and adequate.

**1. The settlement amount is a fair compromise in light of the litigation risks and uncertainties.**

The monetary value of the proposed Settlement to class members represents a fair compromise given the litigation risks and uncertainties presented by continued litigation. Defendants have asserted and would have continued to assert legal and factual grounds to defend against this action.[89] Additionally, Defendants adamantly dispute Plaintiff's ability to certify a class and prove liability to the class for their call recording and monitoring practices. Specifically, Defendants have raised numerous defenses to the class claims. Defendants argue, for example, that they provide customer service staff to (among others) issuers of credit cards. Defendants also have argued, among other things, that the card issuers have secured customer consent for the recording of telephone calls. Defendants also assert that, except for a computer error issue that affected certain toll-free numbers for a period of time, they have consistently provided notice of call recording, leading to individualized inquiries as to which putative class members previously heard warnings when calling Vantiv staffed toll-free telephone numbers.[90] Additionally, Defendants have argued that Section 632.7 does not apply to calls answered by VoIP devices or computers, the California Invasion Privacy Act exempts call recording done for "service observing" purposes, and a class-wide damage award would violate the Due Process Clause.[91]

While Plaintiff and his Counsel disagree and believe that the claims can be successfully proved on a class-wide basis through a combination of company records testimony, expert witnesses, and representative class member testimony, they recognize that such procedures raise complicated proof issues and commensurate risks. Accordingly, there is a risk that the Court could deny class certification or, following initial certification, subsequently decertify the class based on unanticipated individualized issues or manageability concerns. Were a class not

---

[89] Grover Decl. at ¶¶ 13-14.

[90] Grover Decl. at ¶ 13.

[91] Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

certified, it is unlikely that many Settlement Class Members would maintain an individual action.[92]

Therefore, absent settlement, Plaintiff's Counsel acknowledges that there would be a continued vigorous challenge to both class certification and the merits of Plaintiff's claims. While Plaintiff's Counsel remains confident that Plaintiff would certify a litigation class and prevail on the class claims, continued litigation would be costly, time consuming, and uncertain. Plaintiff still would have to prevail at class certification, establish class-wide liability, and then prove up various issues regarding damages. Those efforts likely would take years, would require expert testimony and would impose other costs, risks, and potential delays on the putative class. Appellate proceedings could further delay and jeopardize recovery. By contrast, the settlement ensures timely relief and substantial recovery to the proposed Settlement Class.

Moreover, it is well established that settlement offers that constitute a fraction of the *potential* recovery do not preclude a court from finding that the settlement offer is fair.[93] District courts have found that settlements for substantially less than the plaintiff's claimed damages were fair and reasonable, especially when taking into account the uncertainties, risks and delay involved in litigation.[94]

In addition, when compared in absolute terms, the proposed settlement in this action compares favorably against 10 recent phone recording settlements that received final approval and one that just received preliminary approval.[95]

1. In *Skurov. BMW of North America, LLC*, USDC CD Cal. Case No. 10-cv-8672 GW, the settlement involved 40,000 class members and gave them the option of selecting a six month extension of the BMW Assist basic safety plan or making a

---

[92] *See* Grover Decl. at ¶¶ 34-35.

[93] *See Hanlon*, 150 F.3d at 1027; *Officers of Justice*, 688 F.2d at 628.

[94] *See e.g., Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) *aff'd*, 331 F. App'x 452 (9th Cir. 2009).

[95] Grover Decl. at ¶ 15. By "per capita terms," Plaintiff is referring to a comparison of the maximum settlement amount divided by the total number potential class members.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

cash claim. If all class members selected the cash option, the per capita value of the cash option would be $7.50 ($300,000/40,000 class members).

2. In *Marenco v. Visa Inc.*, USDC CD Cal. Case No. 10-cv-8022 DMG, the court approved an $18,000,000 settlement for a class that numbered 600,000. Thus, the per capita monetary recovery in that case was $30 per class member ($18,000,000/600,000 class members).

3. *Batmanghelich v. Sirius XM Radio, Inc.*, USDC CD Cal. Case No. 09-cv-9190 VBF settled for $9,480,000. The class size exceeded 1,700,000. At 1,700,000 class members, the per capita monetary recovery in that case was $5.77 per class member ($9,480,000/1,700,000 class members).

4. In *Greenberg v. E-Trade Financial Corporation*, Los Angeles County Superior Court Case No. BC360152, the court approved a $7,500,000 settlement covering as many as 1,400,000 class members, which resulting in a per capita monetary recovery of $5.38 per class member ($7,500,000/1,000,000 class members).

5. In *Nader v. Capital One Bank (USA), N.A.*, USDC CD Cal. Case No. 2:12-cv-01265-DSF, the court approved a settlement of $3,000,000 for 1,100,000 class members, equating to a per capita recovery of $2.73 per class member ($3,000,000/1,100,000 class members).

6. In *Cohorst v. BRE Properties, Inc. et al.*, USDC SD Cal. Case No. 10-cv-2666, the court approved a $5,500,000 settlement covering as many as 1,170,584 class members. In per capita terms, recovery in that case amounted to approximately $4.70 per potential class member ($5,500,000/1,170,584 potential class members).

7. In *Knell v. FIA Card Services*, USDC SD Cal. Case No. 12-CV-00426-AJB-WVG, the court approved a $2,750,000 settlement covering 3,650,000 class members. This resulted in a per capita recovery of $0.75 per class member ($2,750,000/3,650,000 class members).

8. *Hoffman v. Bank of America*, USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB, settled for $2,600,000. The class size exceeded 1,400,000. At 1,400,000 class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

members, the per capita monetary recovery in that case was $1.86 per class member ($2,600,000/1,400,000 class members).

9. In *Mount v. Wells Fargo,* Los Angeles Superior Court Case No. BC395959, the court approved a $5,600,000 settlement covering as many as 600,000 class members. In per capita terms, recovery in that case amounted to approximately $9.33 per class member ($5,600,000/600,000 class members).

10. *McCabe v. Six Continents Hotels, Inc.*, USDC ND Cal. Case 3:12-cv-04818-NC settled for $11,700,000. The class size was 698,000, making the per capita recovery $16.76 per class member ($11,700,000/698,000 class members)

11. *Roberts v. Wyndham Hotel and Resorts LLC, et al.*, USDC ND CA Case No. 5:12-cv-05083-PSG settled for $7,325,000. Magistrate Judge Grewal granted preliminary approval on March 22, 2016. As far as Settlement Class Counsel is aware, *Roberts* was the first call recording case settled on a per call basis. The class size in *Roberts* is estimated at 115,770 and the total number of calls at issue is 185,000, an average of 1.60 calls per class member. Thus, the per call settlement value is $39.59 ($7,325,000/$185,000) and the expected per capita average recovery per class member is $63.31 ($7,325,000/115,700).[96]

Here, the settlement provides that Defendants will pay a total settlement amount of $2,000,000 to resolve all claims covered by the settlement.[97] Based on a review of their call center records, Defendants estimated that incoming calls from approximately 30,850 calls from telephone numbers with California Area Codes were made to the 28 toll-free numbers affected by a software error that caused un-noticed recording of calls to those numbers during the Class Period. This results in a per capita value of $64.83 per call ($2,000,000/30,850). If there is only one call per class member, the per capita value per class member is also $64.83. However, because the settlement payments in this case will be calculated on a *per call* basis if, as is almost

[96] Grover Decl. at ¶ 15.

[97] Ex. 1 at ¶ 3.1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

certainly the case, the average class member made more than one call, the per call value per class member will be greater than $64.83.[98] In light of the risks, uncertainties, and delays of continued and potentially protracted litigation, these recovery amounts are fair, reasonable, and adequate.[99]

Despite the asserted fairness of the settlement terms, any proposed Settlement Class Member has the right to submit a request for exclusion from the settlement. A Settlement Class Member who does so will retain any claim he or she may have had against Defendants.[100] Moreover, Settlement Class Members who do not opt out may, upon providing proper notice to the Parties and the Court, attend the final fairness and approval hearing for the purposes of objecting to one or more of the settlement terms set forth in the Settlement Agreement.[101]

**2. Sufficient formal and informal discovery allowed Plaintiff's Counsel to calculate class damages and make informed decisions regarding settlement.**

Prior to the mediation, the Parties engaged in written and third-party discovery. Settlement Class Representative Nguyen propounded multiple sets of written discovery and reviewed more than 2,000 pages of documents and information produced by Defendants and third-party Kinecta Federal Credit Union. In addition, Defendants propounded written discovery on Plaintiff and subpoenaed records from Kinecta Federal Credit Union.[102]

**3. The settlement was the product of informed, non-collusive, and arm's-length negotiations between experienced counsel who jointly support the settlement.**

Courts routinely presume a settlement to be fair where it is reached through arm's-length bargaining.[103] Furthermore, where counsel are well-qualified to represent the proposed class in a

---

[98] Grover Decl. at ¶ 15.

[99] Grover Decl. at ¶¶ 12-15, 34-35.

[100] Ex. 1 at ¶ 8.1.

[101] Ex. 1 at ¶ 8.3.

[102] Grover Decl. at ¶¶ 9, 33; *see Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases"); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979).

[103] *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no

*(Cont'd)*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

settlement based on their extensive class action experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness.[104]

This settlement was a product of non-collusive, arm's-length negotiations. The Parties engaged in all day, formal mediation session with the Hon. Layn R. Phillips (Ret.) until an agreement was reached.[105] Moreover, the Parties are represented by skilled and experienced counsel who have extensive background litigating and settling complex litigation, including litigating similar privacy class actions.[106] All of these factors support a finding that the settlement is fair, reasonable, and adequate.

**D. <u>The proposed notice and claims process are reasonable.</u>**

In order to protect the rights of absent class members, courts must ensure that the settlement class members receive the best notice practicable under the circumstances of the case.[107] Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner. It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[108]

Here, the settlement provides a fair notice procedure that includes (1) U.S. mail notification, (2) email notification, (3) a settlement website published on the Internet, and (4)

---

evidence of collusion); *Wren*, 2011 WL 1230826, at *14 (finding that settlement reached after two mediation sessions before an experienced and retired judge was reached in a "procedurally sound manner and that it was not the result of collusion or bad faith by the parties or counsel"); *see also Satchell v. FedEx. Corp.*, No. C 03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) (same); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (citing *Satchell*).

[104] *Wren*, 2011 WL 1230826, at *10; *Carter*, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

[105] Grover Decl. at ¶ 10.

[106] Grover Decl. at ¶¶ 2-4, 12, 34; Bernstein Decl. at ¶ 2, Ex. 1.

[107] *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974).

[108] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

direct telephone notification.[109] This multifaceted procedure will maximize the number of Settlement Class Members who will receive the Settlement Class Notice.[110]

Thus, the proposed notice program complies with the standards of fairness, completeness, and neutrality required of a settlement notice disseminated under the Court's authority.

**E. Plaintiff will submit a separate application for the requested attorneys' fees, costs, and expenses.**

Under the Settlement Agreement, Plaintiff's Counsel will not seek more than 25% of the $2,000,000 non-reversionary Gross Settlement Amount (*i.e.*, no more than $500,000) in fees and actual out-of-pocket expenses, which are estimated not to exceed $25,000.[111] Plaintiff's Counsel will file a motion for reasonable attorneys' fees, costs, and expenses at least 15 days prior to the opt-out/objection deadline so that Settlement Class Members will have an opportunity to inspect the fee application prior to the deadline for submitting objections or requests for exclusion.[112] At this point, Plaintiff does not seek approval of the fees/costs provision, but asks only that the Court include the maximum potential fee request in the class notice so that the Settlement Class can be informed of the provision.

**F. The settlement provides a reasonable service award for the Settlement Class Representative.**

Named plaintiffs in class action litigation are eligible for reasonable service awards.[113] "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."[114] The factors courts use in determining the amount of service awards include: (1) a comparison between

---

[109] Ex. 1 at ¶¶ 6.3, 6.4, 6.6, Settlement Agreement Exhibits B and C.

[110] Ex. 1 at ¶¶ 6.1-6.8. *See* Peters-Stasiewicz Declaration.

[111] Ex. 1 at ¶ 3.2; Grover Decl. at ¶¶ 17, 46.

[112] Ex. 1 at ¶ 15; Grover Decl. at ¶ 46.

[113] *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

[114] *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (quoting *In Re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185 (S.D.N.Y. 1997); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (named plaintiff received $50,000 for work in class action).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

the service awards and the range of monetary recovery available to the class;[115] (2) time and effort put into the litigation;[116] (3) whether the litigation will further the public policy underlying the statutory scheme;[117] and (4) risks of retaliation.[118] Those factors support the service award requested here. The reasonable enhancement award of $10,000 to Plaintiff Nguyen is intended to compensate him for the critical role he played in this case, and the time, effort, and risks he undertook in helping to secure the result obtained on behalf of the Class.[119]

Defendants do not oppose the proposed enhancement to the Named Plaintiff. Plaintiff will request approval of the proposed enhancement as part of the motion for attorneys' fees and litigation expenses.[120] With that motion, Plaintiff will submit a declaration addressing his respective efforts in the litigation.[121]

## V. CONCLUSION

Based on the foregoing, Plaintiff requests that this Court grant preliminary approval of the settlement consistent with the terms of the Settlement Agreement and the proposed order submitted herewith.

Dated: April 6, 2016

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*

ERIC A. GROVER
RACHAEL G. JUNG

*Counsel for Plaintiff*
TUAN NGUYEN

---

[115] *See Ingram*, 200 F.R.D. at 694*; Roberts*, 979 F. Supp. at 204.

[116] *See Van Vranken*, 901 F. Supp. at 299; *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

[117] *See Roberts*, 979 F. Supp. at 201 n.25.

[118] *See id.* at 202; *Cook*, 142 F.3d at 1016.

[119] Grover Decl. at ¶¶ 24, 43-44.

[120] *See* Grover Decl. at ¶ 31.

[121] Grover Decl. at ¶ 45.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861