1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                               San Francisco Division

11  | TUAN NGUYEN, individually and on behalf of | No. 3:15-cv-02436-LB |

a class of similarly situated individuals,

12                                              ORDER 1) CONDITIONALLY
                                                CERTIFYING SETTLEMENT CLASS; 2)
13              Plaintiffs,                      PRELIMINARILY APPROVING
                                                SETTLEMENT; 3) APPROVING CLASS
14          v.                                  NOTICE; AND 4) SETTING HEARING
                                                FOR FINAL APPROVAL AND THE
15  VANTIV, INC., VANTIV HOLDING, LLC; and      PLAINTIFF'S MOTION FOR FEES,
    DOES 1-10, inclusive,                       COSTS, AND SERVICE AWARD
16
                Defendant.                      [RE: ECF NO. 41]
17

18                                **INTRODUCTION**

19      The plaintiff Tuan Nguyen, on behalf of himself and other California residents, sued Vantiv,

20  alleging that it recorded telephone calls that he and other consumers made to its toll-free

21  customer-service lines without notice to or consent by the callers. He claims that this violates

22  California Penal Code §§ 632.7 and 632, which — relevantly here — prohibit recording of calls

23  without consent.[1] He filed an unopposed motion for preliminary approval of the proposed class-

24  action settlement. The court grants the motion.

25

26

27  _____

[1] Compl. — ECF No. 1-1; proposed First Am. Compl. – ECF No. 41-1 at 105. Citations are to the
28  Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of
    documents.

**STATEMENT**

**1. The lawsuit to date**

The plaintiff filed the lawsuit in state court, and Vantiv removed the case to federal court. The parties engaged in discovery, negotiated settlement on their own and with an experienced mediator, and ultimately settled their case.[2] The plaintiff then filed an unopposed motion for preliminary approval and seeks leave to file a First Amended Complaint ("FAC") for settlement purposes only.[3]

**2. The proposed settlement**

The parties agreed to the following class definition for settlement purposes only:

> All natural persons who were California residents and who, while physically located in California, placed a call to one or more of 28 specific toll-free telephone numbers during the period from January 24, 2014 through May 1, 2015, inclusive, and spoke with a representative.[4]

The 28 toll-free numbers are attached to the settlement agreement as Exhibit G. A software error caused the un-noticed recordings. The defendants have a record of every telephone number that called the toll-free numbers in Exhibit G and was routed through the call-recording software during the class period.[5] The defendants count 30,850 calls; the parties agreed to use 35,000 as the class size in case new calls turn up during the process of preparing the class contact list.[6] If there are more than 38,000 calls, the plaintiff may terminate the settlement.[7]

In summary form, the settlement agreement is as follows.

The defendants will fund a common fund of $2 million to resolve claims, pay approximately $85,000 for notice and claims administration, pay an enhancement award of up to $10,000, and pay fees of no more than $500,000 and actual costs, now estimated as $25,000.[8] This results in an

---

[2] ECF Nos. 38, 39, 41 at 8.

[3] Motion – ECF No. 41; FAC – ECF No. 41-1 at 105.

[4] Settlement Agreement ¶ 1(h) – ECF No. 41-1 at 25.

[5] *Id.* ¶¶ 1(h) & 3.5 – ECF No. 41-1 at 31.

[6] *Id.*; Motion – ECF No. 41 at 11 n.21.

[7] Settlement Agreement ¶¶ 1(h) & 8.3 – ECF No. 41-1 at 25, 44.

[8] *Id.* ¶¶ 3.1, 3.4 – ECF No. 41-1 at 29-31.

1   estimated net-claims fund of $1,380,000.[9] There will be no reversion to the defendants.[10] Class

2   members may submit claims by mail or online and have 90 days from notice to submit a claim

3   online, postmark a claim, opt out, or file an objection.[11] Class members who submit claims will

4   receive a settlement payment based on the number of calls made by that member during the class

5   period times a "per call" value.[12] The per-call value is calculated by dividing the net settlement

6   amount by the aggregate number of recorded calls made by class members who submit timely

7   claims.[13] Based on a net settlement amount of $1,380,000, if ten percent of class members submit

8   claims, the per-call settlement value is $460. The per-call settlement value is capped at $5,000,

9   which is the amount per violation set forth in California Penal Code § 637.2.[14]

10      Unclaimed funds will be distributed to the parties' *cy pres* beneficiary Consumer Federation

11   of California, subject to the court's approval.[15]

12      In return for the settlement relief, the settlement agreement has a release; it provides that class

13   members who do not opt out of the settlement will release the defendants from all claims that are

14   or could have been asserted in the FAC based on the facts and legal theories alleged in the FAC or

15   that relate to or arise out of the alleged recording, monitoring, or eavesdropping on telephone

16   calls made to the defendants before May 1, 2015, the last day of the class period.[16] The settlement

17   agreement also provides that the court will retain jurisdiction to enforce its terms.[17]

18      The settlement will be administered by an independent claims administrator, A.B. Data, which

19   will run database searches on the phone numbers to obtain names, mailing addresses, and email

20   addresses for telephone numbers that the defendants have not matched to names and addresses. It

21   

---

22   [9] *Id.* ¶ 3.4.

23   [10] *Id.* ¶ 3.5.

24   [11] *Id.* ¶¶ 3.5, 7.1, 7.3, 8.1, & 8.3 – ECF No. 41-1 at 31, 38, 42-44.

     [12] *Id.* ¶ 3.5.

25   [13] *Id.*

26   [14] Id.

27   [15] *Id.* ¶¶ 3.6, 3.8, & 10.1 – ECF No. 4101 at 32-33, 46.

28   [16] *Id.* ¶ 11 – ECF No. 41-1 at 46-48.

     [17] *Id.* ¶ 12 – ECF No. 41-1 at 48.

will run all addresses through the "National Change of Address" database before mailing the class notice.[18] No later than 60 days after preliminary approval, it will mail and email the class notice to each class member with an identified address or email address.[19] Between 55 and 60 calendar days after preliminary approval, it will call the telephone numbers if it cannot locate an address or email address. It will call numbers for all undeliverable mail or email when a "skip trace" does not provide an updated address.[20] It will establish a website that will contain a summary of the settlement terms, explain how class members can communicate with it, have "Frequently Asked Questions" ("FAQ") and corresponding answers, provide instructions on submitting claim forms electronically or by mail, provide instructions on how to object and opt out, and provide PDF copies of the settlement agreement, the FAQ, the answer, the preliminary approval order, the claim form, the class notice, the motion for attorney's fees, costs, administration costs, the enhancement award, and the motion for final approval.  The website will remain active for 90 days after the settlement effective date (defined in paragraph 1(g) of the agreement).[21]

## ANALYSIS

**1.  Jurisdiction**

This court has jurisdiction under 28 U.S.C. § 1332(d)(2).

**2.  Conditional certification of class**

The court reviews the propriety of class certification under Federal Rule of Civil Procedure 23(a) and (b). When parties enter into a settlement before the court certifies a class, the court "must pay 'undiluted, even heightened, attention' to class certification requirements" because the court will not have the opportunity to adjust the class based on information revealed at trial. *Staton v. Boeing*, 327 F.3d 938, 952-53 (9th Cir. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

---

[18] *Id.* ¶ 6.2 – ECF No. 41-1 at

[19] *Id.* ¶ 6.3.

[20] *Id.* ¶ 6.4.

[21] *Id.* ¶ 6.6 – ECF No. 41-1 at 36-37.

1    Class certification requires the following: 1) the class must be so numerous that joinder of all

2    members individually is "impracticable;" 2) there are questions of law or fact common to the

3    class; 3) the claims or defenses of the class representatives must be typical of the claims or

4    defenses of the class; and 4) the person representing the class must be able to fairly and

5    adequately protect the interests of all class members. *See* Fed. R. Civ. P. 23(a); *Staton*, 327 F.3d at

6    953.

7    Here, the factors support class certification for purposes of settlement. First, the class size

8    makes joinder impracticable. Second, there are common issues regarding the claims. Third, the

9    plaintiff's claims are typical of other class members' claims. *See Hanlon*, 150 F.3d at 1020

10   (claims are typical if they are reasonably coextensive with those of absent class members; they

11   need not be substantially identical). Fourth, the named plaintiff is able to fairly and adequately

12   protect the interests of all class members. The factors relevant to a determination of adequacy are

13   1) the absence of potential conflict between the named plaintiff and the class members, and 2)

14   counsel chosen by the representative party who is qualified, experienced, and able to vigorously

15   conduct the litigation. *Id*. The court is satisfied that the factors exist here: the named plaintiff has

16   shared claims and interests with the class, and he retained qualified and competent counsel. *See*

17   *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152,

18   1162 (9th Cir. 2001); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992).

19   Thus, the court finds preliminarily (for settlement purposes only) that the proposed settlement

20   class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy: 1)

21   the class is so numerous that joinder of all members is impracticable; 2) there are common

22   questions of law and fact common to the class; 3) the claims or defenses of the representative

23   parties are typical of the claims or defenses of the class; and 4) the representative party will fairly

24   and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). The court also finds

25   preliminarily (and for settlement purposes only) that questions of law or fact common to class

26   members predominate over any questions affecting only individual members, and a class action is

27   superior to other available methods for fairly and efficiently adjudicating the controversy. *See*

28

Fed. R. Civ. P. 23(b)(3); *Brown v. Hain Celestial Group, Inc.*, No. 11-CV-03082-LB, 2014 WL 6483216, at *15-20 (N.D. Cal. Nov. 18, 2014).

The court thus conditionally certifies the classes for settlement purposes only and for the purposes of giving the class notice of the settlement and conducting a final approval hearing.

**3.   Preliminary approval of settlement and leave to file FAC**

The approval of a class-action settlement has two stages: 1) the preliminary approval, which authorizes notice to the class; and 2) a final fairness hearing, where the court determines whether the parties should be allowed to settle the class action on the agreed-upon terms.

Settlement is a strongly favored method for resolving disputes, particularly "where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *see, e.g., In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). A court may approve a proposed class-action settlement only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court need not ask whether the proposed settlement is ideal or the best possible; it determines only whether the settlement is fair, free of collusion, and consistent with the named plaintiffs' fiduciary obligations to the class. See *Hanlon*, 150 F.3d at 1026-27. In *Hanlon*, the Ninth Circuit identified factors relevant to assessing a settlement proposal: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class-action status throughout trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceeding; 6) the experience and views of counsel; 7) the presence of a government participant; and 8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted).

"Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto Ins. Co.*, 2010 WL 1687832, *13 (N.D. Cal. Apr. 22, 2010); *see, e.g., Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution . . . ."); *Nat'l Rural Telecom. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

1    The court has evaluated the proposed settlement agreement for overall fairness under the

2    *Hanlon* factors and concludes that preliminary approval is appropriate.

3    First, the monetary value of the settlement represents a fair compromise given the litigation

4    risks and uncertainties. The defendants assert legal defenses including consent to recording. [22]

5    Second, the settlement compares favorably to other settlements that the plaintiff cites.[23]

6    Third, the parties reached settlement after discovery that allowed the plaintiff's counsel to

7    make informed decisions and damages calculations.

8    Finally, the settlement is the product of serious, non-collusive, arms'-length negotiations and

9    was reached after private mediation.

10    In sum, the court finds that viewed as a whole, the proposed settlement is sufficiently "fair,

11    adequate, and reasonable" such that preliminary approval of the settlement is warranted. *See*

12    *Officers for Justice v. Civil Serv. Comm'n of the City and Cty. of San Francisco*, 688 F.2d 615,

13    625 (9th Cir. 1982). The court thus approves the settlement agreement preliminarily and

14    authorizes notice to the class.

15    The court also grants leave to file the FAC (filed at ECF No. 37-2 at 24) for settlement

16    purposes only, and finds preliminarily that it relates back to the filing date of the original

17    complaint.

18    The court will address the issue of attorney's fees at the final fairness hearing. *See Hanlon*,

19    150 F.3d at 1029 (twenty-five percent is a benchmark in common fund cases); *cf. Vizcaino v.*

20    *Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five percent benchmark, though a

21    starting point for analysis, may be inappropriate in some cases; fees must be supported by

22    findings).

23    **4.  Appointment of class representative, class counsel, and claims administrator**

24    The court appoints the plaintiff Tuan Nguyen as the class representative. The court finds

25    provisionally that he has claims that are typical of members of the class generally and that he is

26    an adequate representative of the other members of the proposed classes.

27    _____

28    [22] Grover Decl. ¶¶ 13-15 – ECF No. 41-1.

[23] *Id.* ¶ 15; Motion – ECF No. 41 at 25-27.

1   The court appoints Keller Grove LLP and the Law Offices of Scot D. Bernstein, A

2   Professional Corporation, as class counsel for settlement purposes only. *See* Fed. R. Civ. P. 23(a)

3   & (g)(1). The court finds provisionally that they have sufficient qualifications, experience and

4   expertise in prosecuting class actions.

5   The court designates and approves A.B. Data, Ltd. as the claims administrator. It will

6   administer the settlement subject to the oversight of the parties and this court, as described in the

7   settlement agreement.

8   **5.   Approval of class notice**

9   The court approves the class notice and the notice plan and finds that the class notice provides

10  the best notice practicable, satisfies the notice requirements of Rule 23, adequately advises class

11  members of their rights under the settlement agreement, and meets the requirements of due

12  process. The forms of notice fairly, plainly, accurately, and reasonably provide class members

13  with all required information, including (among other things): 1) a summary of the lawsuit and

14  claims asserted; 2) a clear definition of the class; 3) a description of the material terms of the

15  settlement, including the estimated payment; 4) a disclosure of the release of the claims should

16  they remain class members; 5) an explanation of class members' opt-out rights, a date by which

17  they must opt out, and information about how to do so; 6) instructions on how to dispute the

18  payment amount or object to the settlement and the deadline for doing so; 7) the date, time, and

19  location of the final fairness hearing; 8) the website for the settlement and the toll-free number

20  and other means for obtaining additional information about the settlement; and 9) the identity of

21  class counsel and the provisions for attorney's fees, costs, and class-representative service awards.

22  **6.   Compliance with Class Action Fairness Act**

23  The plaintiff will provide notice of the settlement and other information showing compliance

24  with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the appropriate federal and state

25  officials. Any final settlement approval will be more than 90 days after service as required by 28

26  U.S.C. § 1715.

27

28

**7.  Procedures for final approval hearing**

**7.1  Deadlines and Hearing**

| Event | Date |
|---|---|
| Class list to claims administrator | 30 days from date of this order |
| Other administrator deadlines | See below |
| Deadline to file motion for attorney's fees, costs, and incentive award | 135 days from date of this order |
| Deadline to opt out or object | 150 days from date of this order |
| Deadline to file motion for final approval | 160 from date of this order |
| Final approval hearing | December 15, 2016, 9:30 a.m. |

Within 30 days of this order, the defendants must provide the potential class-member contact list to the claims administrator.

Within 45 days of this order, the claims administrator must run the database searches described above to obtain mail and email addresses and then run all addresses through the National Change of Address or comparable database. Within 50 days of this order, the claims administrator must publish the settlement website in the manner described in the settlement agreement and in this order. Within 60 days of this order, the claims administrator must send the settlement notice to each mailing address and email address it has for the potential class members. Between 55 and 60 days of this order, the administrator must make the phone calls described above for any telephone number where there is no viable address or email address.  The claims administrator must employ this process for any mail or email returned undeliverable if a skip-trace does not provide a viable address.

Within ten days of this order, the defendants must deposit the $2-million gross settlement amount with the claims administrator. The administrator must maintain the funds in the manner specified in the settlement agreement and before the "settlement effective date" may use the funds only for the preparation and mailing and emailing of the notices (including the database searches, updates, and verifications described in the settlement agreement), the set-up of the website, and any necessary direct calls to class members.

**7.2  Final approval hearing**

At the hearing, the court will consider whether to 1) grant final certification of the settlement class, 2) finally approve the settlement agreement and the releases in it, 3) award a service award to the class representative, and 4) award attorney's fees and costs to class counsel. The court may, for good cause, extend any of the deadlines in this order or continue the final approval hearing without further notice to the settlement class members.

**7.3 Claims procedures and requests for exclusion from the settlement**

Claims forms must be submitted electronically or deposited in the mails no later than 150 days after the date of this order, which also means no later than 90 days after the date that the claims administrator first mails the notice.

Under the terms of the settlement agreement, class members may opt out of the settlement by sending a signed, written request for exclusion, postmarked no later than 150 days after the date of this order, which also means no later than 90 days after the claims administrator first mails the notice,[24] to the address on the notice form, and referencing the case name of *Nguyen v. Vantiv, LLC*, No. 3:15-cv-02436-LB (N.D. Cal.). Any class member who submits a timely request for exclusion will no longer be a settlement-class member, will be barred from participating in or objecting to the settlement, and will receive no benefit from the settlement. Failure to request exclusion means that the class member will be deemed a class member and will be bound by the settlement agreement, if the court approves it, and any orders and judgment entered by the court.

**7.4 Objections to the Settlement**

Any person who has not requested exclusion from the class, and who is legally entitled to object to the approval of the proposed settlement or to the judgment, may object to the class settlement in writing within 150 days from the date of this order, which also means no later than 90 days after the claims administrator first mails notice. The objection must include 1) a heading with the case name and number *Nguyen v. Vantiv, LLC*, No. 3:15-cv-02436-LB (N.D. Cal.), 2) the class member's name and postal address, 3) proof of the objector's membership in the class in the

---

[24] This gives class members sufficient time to consider their options and make a fully informed decision. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

1  form of a statement made under penalty of perjury, 4) a detailed statement of each objection,

2  including (if available) the factual and legal basis for each objection, and 5) a statement of

3  whether the class member intends to appear in person or through counsel at the final approval

4  hearing, and if through counsel, the counsel's name, postal address, telephone address, and email

5  address. They must be mailed to and filed with the court at the following address:

6
   Clerk of the Court
   United States District Court
7  450 Golden Gate Avenue
   San Francisco, CA, 94102
8

9                                          **CONCLUSION**

10     The court 1) conditionally certifies the class for settlement purposes only, 2) preliminarily

11 approves the settlement, authorizes notice as set forth in this order, and gives leave to file the FAC

12 for settlement purposes only, 3) approves the notice plan, 4) appoints the class representative,

13 class counsel, and claims administrator, 5) orders the procedures in this order (including all dates

14 in the chart), and 6) orders the parties and the claims administrator to carry out their obligations in

15 the settlement agreement.

16     The court approves the Settlement Class Notice, Email Settlement Class Notice, and Claim

17 Form, which are at ECF Nos. 41-4 at 10-15, 41-4 at 17-18, and 41-4 at 20-21, and are attached to

18 this order as Exhibits 1, 2, and 3.

19     This disposes of ECF No. 41.

20     **IT IS SO ORDERED.**

21 Dated: May 19, 2016                    _____

22                                        LAUREL BEELER
                                          United States Magistrate Judge
23

24

25

26

27

28