1 | ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
2 | RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
3 | **KELLER GROVER LLP**
1965 Market Street
4 | San Francisco, California 94103
Telephone: (415) 543-1305
5 | Facsimile: (415) 543-7861

6 | SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
7 | **LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
8 | 101 Parkshore Drive, Suite 100
Folsom, California 95630
9 | Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
Tuan Nguyen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN NGUYEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VANTIV, INC.; VANTIV HOLDING, LLC; VANTIV, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 3:15-cv-02436-LB<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Tuan Nguyen ("Plaintiff" or "Nguyen"), on behalf of himself and the two classes (the "Classes") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

**INTRODUCTION**

1. This class action lawsuit arises out of the practice of Defendants Vantiv, Inc., Vantiv Holding, LLC and Vantiv, LLC (collectively "Defendants" and/or "Vantiv") to record and/or intercept, without the consent of all parties, consumer-initiated telephone calls made to Vantiv's Custom Credit platform of services and routed to call centers operated by Defendants. Defendants are responsible for handling calls made to multiple toll-free customer service telephone numbers, including but not limited to 877-881-6023 and 877-881-6024, which connect callers with customer service representatives. During the relevant time period, until May 1, 2015, Defendants intentionally recorded and/or intercepted (i.e., monitored) telephone calls made to the Vantiv toll-free telephone numbers for their Custom Credit platform of services (all of which are collectively referred to as "Vantiv Custom Credit toll-free telephone numbers") and routed to Defendants' customer service call centers. Defendants did so without systematically warning or disclosing to callers that their calls might be recorded or intercepted/monitored. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

2. Defendants' practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication, and Penal Code § 632, which similarly prohibits the recording or intercepting (i.e. monitoring) of a confidential communication made from a hardwired landline telephone without the consent of all parties to the communication.

3. As a result of Defendants' violations, all individuals who called a Vantiv Custom Credit toll-free telephone number from a location within California and were routed to

Defendant's customer service call centers and were recorded or monitored by Defendants without disclosure are entitled to an award of statutory damages as set forth in Penal Code § 637.2.

**PARTIES**

4. Plaintiff Nguyen is an individual and a resident of California.

5. Vantiv, Inc. is a corporation headquartered in Cincinnati, Ohio. Vantiv, Inc. regularly does business throughout the United States. Defendant does business in California and with California residents.

6. Vantiv Holding, LLC is a wholly owned subsidiary of Vantiv, Inc. and is a Limited Liability Company with its principal place of business in Symmes Township, Ohio. Defendant systematically and continuously does business in California and with California residents.

7. Vantiv, LLC is a wholly owned subsidiary of Vantiv Holding, LLC and is a Limited Liability Company with its principal place of business in Cincinnati, Ohio. Defendant systematically and continuously does business in California and with California residents.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632, 632.7 and 637.2.

9. This Court has personal jurisdiction over the parties because defendants Vantiv, Inc., Vantiv Holding, LLC, and Vantiv, LLC have conducted business in the State of California, including in this judicial district. Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendants from California.

**FACTUAL ALLEGATIONS COMMON TO THE CLASS**

10. Plaintiff is informed and believes and on that ground alleges that the Vantiv Custom Credit toll-free telephone numbers, including 877-881-6023 and 877-881-6024, connect callers to Defendants' customer service call centers.

11. Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at the customer service call centers receive incoming calls from callers

1 including California callers.

2     12.    Plaintiff is informed and believes and on that ground alleges that Defendants intentionally have used technology consisting of hardware and/or software to carry out a policy and practice of recording and/or intercepting (i.e., monitoring) calls routed to Defendants' customer service call centers.

    13.    Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at the customer service call centers were and are directed, trained, and instructed to, and did, record and/or monitor telephone calls between the customer service call centers and callers, including California callers.

    14.    In January 2015, Plaintiff called one or more of the Vantiv Custom Credit toll-free telephone numbers on several occasions from a location within the State of California using his cellular telephone. Plaintiff called 877-881-6023 and/or 877-881-6024 to inquire about his Kinecta credit card bank statement.

    15.    During Plaintiff's telephone calls to Defendants, Defendants failed to disclose to Plaintiff that his telephone conversations with Defendants were being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone calls to be recorded or monitored because he was unaware that Defendants were engaged in that practice during the telephone calls. Plaintiff is informed and believes and on that ground alleges that callers who called a Vantiv Custom Credit toll-free telephone number and were routed to one of Defendants' customer service call centers were not informed by Defendants or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring occurred without the callers' knowledge or consent.

    16.    Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversations with Defendants' employees and agents were, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Classes.

**CLASS ACTION ALLEGATIONS**

17. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the class (the "Class") defined as follows:

> All natural persons who were California residents and who, while physically located in California, called one or more of the Vantiv Custom Credit toll-free telephone numbers from a cellular or cordless telephone between January 24, 2014 and May 1, 2015, and whose calls were routed to Defendants' customer service call centers and were recorded without any warning or disclosure at the call outset.

18. Plaintiff also brings this action on behalf of himself and the additional class (the "PC § 632 Class") defined as follows:

> All natural persons who were California residents and who, while physically located in California, called one or more of the Vantiv Custom Credit toll-free telephone numbers using a landline telephone between January 24, 2014 and May 1, 2015, and whose calls were routed to Defendants' customer service call centers and were recorded without any warning or disclosure at the call outset.

19. The Class that Plaintiff seeks to represent and the PC § 632 Class that Plaintiff seeks to represent contain numerous members and are clearly ascertainable including, without limitation, by using Defendants' records and/or Defendants' telephone company's or other toll-free service provider's records regarding calls to Vantiv Custom Credit toll-free telephone numbers to determine the size of the Class and the PC § 632 Class and to determine the identities of individual Class and PC § 632 Class members. Plaintiff reserves the right to amend or modify the Class and the PC § 632 Class definitions or to add subclasses or limitations to particular issues.

20. By their unlawful actions, Defendants have violated Plaintiff's and the Class's and the PC § 632 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the Class and the PC § 632 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

21. Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of the law as other putative Class members. Similarly, Plaintiff's claims are typical of those of the PC § 632 Class, as Plaintiff now suffers from the same violations of the law as other putative PC § 632 Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class and the PC § 632 Class, and Plaintiff will fairly and adequately represent the interests of the Class and the PC § 632 Class.

22. This action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class and the PC § 632 Class are ascertainable.

**Numerosity**

23. Based on information and belief, the Classes consist of 30,000 individuals, making joinder of individual cases impracticable.

**Typicality**

24. Plaintiff's claims are typical of the claims of all of the other members of the Class and the PC § 632 Class. Plaintiff's claims and the Class and PC § 632 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and PC § 632 Class members.

**Common Questions of Law and Fact**

25. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

    a. Whether Defendants had a practice of recording and/or intercepting telephone calls made to Vantiv Custom Credit toll-free telephone numbers and routed to Vantiv customer service call centers;

    b. Whether, on or before May 1, 2015, Defendants had a practice of not disclosing to callers to the Vantiv Custom Credit platform of services

whose calls are recorded and/or intercepted that their conversations with Vantiv customer service call centers would be recorded and/or monitored;

    c.    Whether, on or before May 1, 2015, Defendants had a practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Vantiv Custom Credit toll-free telephone numbers and routed to Vantiv customer service call centers;

    d.    Whether Defendants violated California Penal Code § 632.7 by recording and/or monitoring telephone conversations between callers using cellular and cordless telephones within California and the Vantiv customer service call centers without disclosure;

    e.    Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7.

26. There are questions of law and fact common to the PC § 632 Class that predominate over any questions affecting only individual PC § 632 Class members. Those common questions of law and fact include, without limitation, the following:

    a.    Whether Defendants had a practice of recording and/or intercepting telephone calls made to Vantiv Custom Credit toll-free telephone numbers and routed to Vantiv customer service call centers;

    b.    Whether, on or before May 1, 2015, Defendants had a practice of not disclosing to callers to the Vantiv Custom Credit platform of services whose calls are recorded and/or intercepted that their conversations with Vantiv customer service call centers would be recorded and/or monitored;

    c.    Whether, on or before May 1, 2015, Defendants had a practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Vantiv Custom Credit toll-free telephone numbers and routed to Vantiv customer service call centers;

    d.    Whether Defendants violated California Penal Code § 632 by recording and/or monitoring confidential telephone conversations between callers

Case 3:15-cv-02436-LB   Document 48   Filed 05/19/16   Page 8 of 14

using landline telephones within California and the Vantiv customer service call centers without disclosure;

e.  Whether PC § 632 Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.

**Adequacy**

27.  Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and the PC § 632 Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class and PC § 632 Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class and PC § 632 Class members.

**Superiority**

28.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class and/or PC § 632 Class members is impracticable and questions of law and fact common to the Class and the PC § 632 Class predominate over any questions affecting only individual members of the Class and/or the PC § 632 Class. Even if every individual Class and/or PC § 632 Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class and PC § 632 Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class and PC § 632 Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiff anticipates no difficulty in the management of this

case as a class action.

29. The prosecution of separate actions by individual Class and PC § 632 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and PC § 632 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class or PC § 632 Class members to protect their interests.

30. The prosecution of individual actions by Class and PC § 632 Class members would run the risk of establishing inconsistent standards of conduct for Defendants.

31. Defendants have acted or refused to act in respects generally applicable to the Class and the PC § 632 Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class and PC § 632 Class as a whole as requested herein. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

**Unlawful Recording and Intercepting of Communications against All Defendants**

**(Violation of California Penal Code § 632.7)**

32. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

33. While located in California, Plaintiff participated in one or more telephone calls that he made to one of the Vantiv Custom Credit toll-free telephone numbers and was routed to one of Defendants' customer service call centers. Plaintiff used a cellular telephone to engage in the conversations.

34. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using hardware and/or software that enabled them to record and/or monitor conversations with Plaintiff and other Class members who used cellular or cordless telephones to place calls to Vantiv's Custom Credit toll-free telephone numbers and were routed to one of Defendants' customer service call centers.

35. Plaintiff is informed and believes and on that ground alleges that, at all relevant

times, Defendants had and followed a policy and practice of intentionally recording and/or monitoring Plaintiff's and Class members' cellular and cordless telephone calls that were placed to Vantiv's Custom Credit toll-free telephone numbers and routed to one of Defendants' customer service call centers.

36. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a practice of not advising or warning Plaintiff or Class members that their cellular and cordless telephone communications with the Vantiv customer service call centers on certain lines would be recorded and/or monitored. Because Defendants did not disclose to Plaintiff or Class members that their calls were being recorded and/or monitored, Defendants did not obtain Plaintiff's or Class members' express or implied advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of recording people's conversations without disclosure, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

37. Defendants' conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

## SECOND CAUSE OF ACTION

**Unlawful Recording of and Eavesdropping upon Confidential Communications**

**against All Defendants**

**(Violation of California Penal Code § 632)**

38. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further allege as follows.

39. While located in California, Plaintiff participated in one or more telephone calls that he made to one of the Vantiv Custom Credit toll-free telephone numbers and was routed to one of Defendants' customer service call centers. Plaintiff used a landline telephone to engage in at least some of those conversations

40. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using hardware and/or software that enabled them to record and/or monitor conversations between Plaintiff and PC § 632 Class members who used landline telephones to place calls to Vantiv Custom Credit toll-free telephone numbers and were routed to one of Defendants' customer service call centers.

41. Plaintiff is informed and believes and on that ground alleges that, at all times on or before May 1, 2015, Defendants had and followed a policy and practice of intentionally and recording and/or monitoring Plaintiff's and PC § 632 Class members' telephone calls that were placed to Vantiv Custom Credit toll-free telephone numbers and routed to one of Defendants' customer service call centers.

42. Because, on or before May 1, 2015, Defendants had a policy and practice of not disclosing to Plaintiff or PC § 632 Class members that their telephone calls to Vantiv Custom Credit toll-free telephone numbers that were routed to Defendants' customer service call centers might be recorded and/or monitored, Defendants did not obtain Plaintiff's or PC § 632 Class members' express or implied advance consent to the recordings or monitoring of those conversations.

43. Plaintiff is informed and believes and on that ground alleges that the telephone calls made to Vantiv Custom Credit toll-free telephone numbers and routed to one of

Defendants' customer service call centers that were surreptitiously recorded and/or monitored by Defendants were "confidential communications" within the meaning of California Penal Code § 632(c), in that Plaintiff and PC § 632 Class members desired and expected the telephone communications as a whole (i.e., both sides of the conversation, taken together) to be confined to the parties to those calls and not recorded, monitored, and/or further disseminated.  Because Defendants never disclosed to them that their calls were being recorded and/or monitored and their consent for recording and/or monitoring their calls never was sought, Plaintiff and PC § 632 Class members had an objectively reasonable expectation that their calls were not being recorded and/or eavesdropped upon.  That expectation and its objective reasonableness arise, in part, from the objective offensiveness of recording people's conversations without disclosure, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place.  As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

44.  Defendants' conduct as described above violated California Penal Code § 632(a). Under Penal Code § 637.2, Plaintiff and PC § 632 Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632 Class members also are entitled to injunctive relief to enjoin further violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Classes, prays for the following relief:

a. An order certifying the Class and appointing Plaintiff Nguyen as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b. An order certifying the PC § 632 Class and appointing Plaintiff Nguyen as representative of the PC § 632 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632 Class;

c. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

d. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632;

e. A judgment for and award of statutory damages to Plaintiff and the members of the Class and the PC § 632 Class under California Penal Code § 637.2;

f. A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq.;*

g. Payment of costs of the suit;

h. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

i. An award of pre- and post-judgment interest to the extent allowed by law; and

j. Such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated:  May 19, 2016                **KELLER GROVER LLP**

_____
Eric A. Grover
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  May 19, 2016

**KELLER GROVER LLP**

_/s/ Eric A. Grover_
ERIC A. GROVER
Attorneys for Plaintiff