ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
**A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff and the Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN NGUYEN, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VANTIV, INC.; VANTIV HOLDING, LLC, VANTIV, LLC;  and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No:  3:15-cv-02436-LB<br><br>Hon. Magistrate Judge Laurel Beeler<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:　　December  15, 2016<br>Time:　　9:30 a.m.<br>Ctrm:　　C, 15th Floor<br><br>Complaint Filed:　April 9, 2015<br>FAC:　　　　　　May 19, 2016 |

**PLEASE TAKE NOTICE THAT** on December 15, 2016 at 9:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Laurel Beeler located at 450 Golden Gate Avenue, Courtroom C, 15th Floor, San Francisco, California, Plaintiff Tuan Nguyen will and hereby does move this Court for an order granting final approval of the class action settlement reached between Plaintiff and Defendants Vantiv, Inc., Vantiv Holding, LLC and Vantiv, LLC.

Specifically, Plaintiff moves for an order: 1) confirming the Court's previous findings that the requirements for class certification, for settlement purposes, are satisfied; 2) finding that the settlement is fair, reasonable and adequate; 3) finding that proper notice of the settlement was given; 4) finally approving the settlement; 5) directing distribution of the settlement benefits; 6) dismissing Plaintiff's claims with prejudice; 7) binding Settlement Class Members who did not timely exclude themselves from the settlement to the release of claims in favor of Defendants and the Released Parties as set forth in the settlement agreement; 8) directing the clerk of the Court to enter the Court's order as a final judgment; and 9) without affecting the finality of the final judgment, reserving continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the settlement.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the parties' Settlement Agreement and Release, the Declaration of Eric A. Grover, the Supplemental Declaration of Christina L. Peters-Stasiewicz of A.B. Data, Ltd., the pleadings and papers filed in this case, and any oral argument this Court permits.

Dated:  October 26, 2016                **KELLER GROVER LLP**


By:     _/s/ Eric A. Grover_
        ERIC A. GROVER
        RACHAEL G. JUNG

        *Counsel for Plaintiff and the Class*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   CASE HISTORY AND STATEMENT OF FACTS ....................................... 2

III.  PRELIMINARY APPROVAL AND STATUS OF THE CLAIMS PROCESS ............ 4

IV.   THE TERMS OF THE SETTLEMENT ......................................................... 5

    A.   The Settlement Class. ............................................................................... 5

    B.   The Common Fund. ................................................................................... 5

    C.   Payments to Settlement Class Members. ................................................. 6

V.    LEGAL ARGUMENT .................................................................................... 6

    A.   The notice was the best notice practicable under the circumstances. ....... 6

    B.   Final approval of the Settlement is warranted. ........................................ 7

        1.   Each of the relevant criteria supports final approval. ............................ 8

            a.   The strength of Plaintiff's case and the risks of going forward favor final approval. ................................................................. 9

            b.   The complexity, expense and likely duration of continued litigation weigh in favor of final approval. ................................... 10

            c.   The value of the settlement favors final approval. ....................... 11

            d.   Before entering into the settlement, the Parties conducted discovery and reviewed and analyzed documents and data regarding the strengths and weaknesses of this action. ............... 14

            e.   The experience and views of Class Counsel favor final approval. ...................................................................................... 15

            f.   Class Members' positive reaction to the settlement favors final approval. .......................................................................... 16

            g.   The settlement was the product of informed, non-collusive, arm's-length negotiations. ........................................................... 16

    C.   The Settlement Class meets the Rule 23 class certification requirements. ........... 17

        1.   The Class is too numerous for joinder to be practicable. ......................... 17

        2.   Commonality is satisfied. ........................................................................ 18

        3.   Plaintiff's claims are typical of those of the Class Members. .................. 18

**<u>TABLE OF CONTENTS</u>**

**(CONTINUED)**

**Page**

4.      Plaintiff and his counsel will fairly and adequately represent the
        Class. ........................................................................................................ 19

5.      FRCP 23(b)(3) class certification requirements are satisfied.................... 19

VI.     CAFA NOTICE............................................................................................................ 20

VII.    CONCLUSION ........................................................................................................... 20

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*
    521 U.S. 591 (1997) ................................................................ 20

*Batmanghelich v. Sirius XM Radio, Inc.,*
    USDC CD Case No. 09-cv-9190 VBF ..................................... 12

*Boyd v. Bechtel Corp.*
    485 F. Supp. 610 (N.D. Cal. 1979) ......................................... 14

*Carter v. Anderson Merchandisers, LP*
    2010 U.S. Dist. LEXIS 55581 (C.D. Cal. May 11, 2010) .................. 17

*Churchill Village, L.L.C. v. GE,*
    361 F.3d 566 (9th Cir. 2004) ................................................ passim

*Cohorst v. BRE Properties, Inc. et al.,*
    USDC SD Cal. Case No. 10-cv-2666 ..................................... 12

*Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
    244 F.3d 1154 (9th Cir. 2001) ............................................... 20

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) .............................................................. 6

*Franklin v. Kaypro,*
    884 F.2d 1222 (9th Cir. 1989) ................................................. 6

*Hoffman v. Bank of America,*
    USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB ................. 13

*Ikonen v. Hartz Mountain Corp.,*
    122 F.R.D. 258 (S.D. Cal. 1988) ........................................... 17

*In re Netflix Privacy Litig.,*
    2013 U.S. Dist. LEXIS 37286 (N.D. Cal. Mar. 18, 2013) ............ 2, 16

*In re Pacific Enters. Sec. Litig.,*
    47 F.3d 373 (9th Cir.Cal. 1995) ............................................ 15

*Knell v. FIA Card Services,*
    USDC SD Cal. Case No. 12-CV-00426-AJB-WVG ................. 12

*Lewis v. Starbucks Corp.*
    2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008) ............ 14

*Marenco v. Visa Inc.,*
    USDC CD Case No. 10-cv-8022 DMG ................................. 12

*McCabe v. Six Continents Hotels, Inc.,*
    USDC ND CA Case No. 3:12-cv-04818-NC .......................... 13

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page**

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ................................................................................ 7

*Nader v. Capital One Bank (USA), N.A.*,
   USDC CD Cal. Case No. 2:12-cv-01265-DSF ................................... 12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ....................................... 2, 15, 16

*Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*
   688 F.2d 615 (9th Cir. 1982) ....................................... 9, 11, 15

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ................................................................................ 6

*Romero v. Producers Dairy Foods, Inc.*
   235 F.R.D. 474 (E.D. Cal. 2006) ..................................................... 17

*Satchell v. Fed. Exp. Corp.*
   2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) ................. 17

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) ............................................................... 7

*Skurov. BMW of North America, LLC*,
   USDC CD Case No. 10-cv-8672 GW ................................................ 12

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ...................................... 18

*Wren v. RGIS Inventory Specialists*,
   2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) ................... 16

**State Cases**

*Greenberg v. E-Trade Financial Corporation*,
   Los Angeles County Superior Court Case No. BC360152 ................ 12

*Mount v. Wells Fargo*,
   Los Angeles County Superior Court Case No. BC395959 ................ 13

**Statutes**

California Penal Code
   §§ 630, *et seq.* ...................................................................... 19
   §§ 632, *et seq.* ........................................................... passim
   § 637.2 ............................................................................... 18

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page**

**Rules**

Federal Rules of Civil Procedure

Rule 23(a) ................................................................................................ 17, 18, 19

Rule 23(b) .................................................................................................. 19, 20

Rule 23(c) ........................................................................................................ 6

**Treatises**

*Federal Practice & Procedure* (2nd ed. 1986)

§ 1778. ............................................................................................................ 19

*Manual for Complex Litigation* (4th ed. 2004)

§ 21.632-34 ........................................................................................................ 8

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

<div style="text-align:right; writing-mode:vertical">
KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861
</div>

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3        Plaintiff Tuan Nguyen ("Plaintiff") requests that this Court grant final approval of the

4    class settlement reached between Plaintiff and Defendants Vantiv, Inc., Vantiv Holding, LLC and

5    Vantiv, LLC (collectively "Defendants").[1]   The Court preliminarily approved the Parties'

6    settlement on May 19, 2016.[2]

7        In compliance with the Court's preliminary approval Order, A.B Data, Ltd. ("A.B. Data"),

8    the Court-approved Claims Administrator, mailed and emailed the class notice, published the

9    settlement website (www.CARecordedCallSettlement.com), called telephone numbers included

10   on the Class Member Contact List for which a valid mailing or email addresses could not be

11   located, and mailed a reminder postcard.[3]   The deadline to file claims, opt out or object to the

12   settlement was October 16, 2016.[4]   A.B. Data received only one timely opt-out request and no

13   objections.[5]   No untimely opt-outs were received and no objections were received by Class

14   Counsel or submitted to the Court.[6]   To date, 1,468 Settlement Class Members filed timely and

15   valid claims.[7]   Thus, the Settlement Class has responded very favorably to the proposed

16   settlement.[8]

---

[1] Docket ("Dkt.") 51-2, Ex. 1 (the Settlement Agreement and Release ("Settlement Agreement")) at ¶¶ 3.1, 3.8.  All "Ex." references are to exhibits attached to the Grover Declaration filed in support of the motion for attorneys' fees, costs, service award and administration fees (Dkt. 51-1 through 51-3, "Grover Fee Decl.") unless stated otherwise. All capitalized terms used herein are defined in the Settlement Agreement.

[2] Dkt. 47.

[3] *See* Dkt. 51-5 (Declaration of Christina L. Peters-Stasiewicz of A.B. Data, Ltd. ("A.B. Data Decl.")).

[4] *See* Dkt. 51-5 at ¶ 26.

[5] Supplemental Declaration of Christina L. Peters-Stasiewicz of A.B. Data, Ltd. ("Suppl. A.B. Data Decl. at ¶ __") at ¶¶ 6-7.

[6] Suppl. A.B. Data Decl. at ¶¶ 6-7; Supplemental Declaration of Eric A. Grover in Support of Final Approval ("Suppl. Grover Decl. at ¶ __") at ¶ 4.

[7] Suppl. A.B. Data Decl. at ¶ 4.  1,004 claims have been verified.  The remaining 464 claims are undergoing the claims review process.  *Id.*

[8] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. Cal. 1998) (finding support for the settlement's fairness in "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class."); *see also*, *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575

*(Cont'd)*

The Settlement Class Members' positive response is unsurprising given the monetary relief provided by the settlement. Defendants are required to pay $2,000,000.[9] After subtracting the cost of administering the settlement, the requested attorneys' fees and costs, and the requested named Plaintiff's service award payment, the Net Settlement Fund is estimated to be $1,398,000.[10] Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment representing a *pro rata* share of the Net Settlement Fund on a per call basis.[11] There is no reversion to Defendants of any amount of the $2,000,000 Gross Settlement Amount.[12]

When the monetary benefit of the settlement is balanced against the inherent risks of continued, protracted litigation, including potential defeat at class certification and on the merits, the fairness, adequacy, and reasonableness of the proposed settlement is clear. Therefore, Plaintiff requests that the Court grant final approval.

## II.        CASE HISTORY AND STATEMENT OF FACTS

Plaintiff Nguyen filed his complaint on April 9, 2015 in Alameda County Superior Court.[13] On June 2, 2015, Defendants removed the action to this Court.[14] The complaint alleges unlawful-call-recording claims on behalf of persons who were California residents and who, while located in California, made calls from cellular or cordless telephones to Defendants' toll-

---

(9th Cir. 2004) (affirming approval of class settlement, noting there were only 45 objections out of 90,000 class members); *In re Netflix Privacy Litig.,* No. 5:11-CV-00379 EJD, 2013 U.S. Dist. LEXIS 37286, at *25 (N.D. Cal. Mar. 18, 2013) (finding that 110 opt-outs in 62-million person class -- approximately one in every 560,000 class members – weighed in favor of final approval); *see also*, *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

[9] Dkt. 51-2, Ex. 1 at ¶ 3.1.

[10] Suppl. Grover Decl. at ¶ 2; *see* Dkt. 51-2, Ex. 1 at ¶ 3.4; *see* Dkt. 51-1,Grover Fee Decl. at ¶¶ 35, 65; Dkt. 51-5, A.B. Data Decl. at ¶ 31.

[11] Dkt. 51-2, Ex. 1 at ¶ 3.5.

[12] Dkt. 51-2, Ex. 1 at ¶ 3.8.

[13] Dkt. 51-2, Ex. 1 at ¶ A.

[14] Dkt. 51-2, Ex. 1 at ¶ A.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

free telephone numbers and were recorded without notice or consent in violation of California Penal Code § 632.7.[15]

As part of the settlement, the Parties agreed that Plaintiff would seek the Court's permission to file a First Amended Complaint adding a claim on behalf of persons who were California residents and who, while located in California, made calls from hardwired landline telephones to Defendants' toll-free telephone numbers and were recorded without notice or consent in violation of California Penal Code § 632.[16]  The First Amended Complaint was filed on May 19, 2016.[17]  Defendants filed an answer to the First Amended Complaint on June 2, 2016.[18]

Defendants have vigorously denied all of the allegations in their entirety.[19]  To date, no class has been certified and no court has made a finding of any wrongdoing on the part of Defendants or that Defendants otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the litigation.[20]

From the filing of the original complaint through the mediation in February 2016, the Parties engaged in written and third-party discovery.  Plaintiff Nguyen propounded multiple sets of written discovery and reviewed more than 2,000 pages of documents and information produced by Defendants and third-party Kinecta Federal Credit Union.  Defendants propounded written discovery on Plaintiff and subpoenaed records from Kinecta Federal Credit Union. The Parties also informally exchanged information as part of the mediation process.[21]

On February 5, 2016, the Parties engaged in an all-day mediation session with the Hon. Layn R. Phillips (Ret.), formerly of the United States District Court for the Western District of

---

[15] Dkt. 51-2, Ex. 1 at ¶ A.

[16] Dkt. 51-2, Ex. 1 at ¶ A.

[17] Dkt. 48.

[18] Dkt. 49.

[19] Dkt. 51-2, Ex. 1 at ¶ D.

[20] Dkt. 51-1, Grover Fee Decl. at ¶ 8.

[21] Dkt. 51-2, Ex. 1 at ¶ B; Dkt. 51-1, Grover Fee Decl. at ¶ 10.

Oklahoma.[22]   In response to a proposal by Judge Phillips, the Parties reached a tentative agreement.[23]  All final terms of the Parties' settlement are set forth in the Settlement Agreement.[24]

### III.                      PRELIMINARY APPROVAL AND STATUS OF THE CLAIMS PROCESS

The Court, granted preliminary approval of the settlement and provisionally certified the Settlement Class on May 19, 2016.[25]  The notice procedure set forth in the Settlement Agreement and approved by the Court required A.B. Data to distribute notice of the settlement through mail and email notification, telephone notification and a settlement website.[26]  The A.B. Data Declaration submitted with the Fee Motion provides details of the notice process.[27]

The deadline to file claims, opt out or object to the settlement was October 16, 2016.[28]  As of today's date, A.B. Data received only one opt-out and no objections.[29]  As of today's date, A.B Data has verified 1,004 claims covering 1,760 total telephone calls.[30]  An additional 464 timely filed claims are undergoing the verification process.  Assuming that each of these claims is verified at the same rate of 1.75 telephone calls per claim (1,760/1,004), the estimated recovery on a per call basis is approximately $544.18 and the average claimant will receive $952.32.[31]  51 late claims have been received.[32]  The Parties propose that the Court allow all late but otherwise valid claims postmarked through the date the final approval order is entered.[33]  Even if a total of 75 additional claims representing 131 total telephone calls were approved, the estimated recovery on a per call basis would still exceed approximately $517.[34]

---

[22] Dkt. 51-2, Ex. 1 at ¶ C; Dkt. 51-1, Grover Fee Decl. at ¶ 11.

[23] Dkt. 51-2, Ex. 1 at ¶ C; Dkt. 51-1, Grover Fee Decl. at ¶ 13.

[24] Dkt. 51-2, Ex. 1; Dkt. 51-1, Grover Fee Decl. at ¶ 13.

[25] Dkt. 47.

[26] *See* Dkt. 51-2, Ex. 1 at ¶ 6; Dkt. 47.

[27] Dkt. 51-5, A.B. Data Decl.

[28] Dkt. 51-5, A.B. Data Decl. at ¶¶ 26, 29, 30.

[29] Suppl. A.B. Data Decl. at ¶¶ 6-7.

[30] Suppl. A.B. Data Decl. at ¶ 4.

[31] Suppl. Grover Decl. at ¶ 2.

[32] Suppl. A.B. Data Decl. at ¶ 5.

[33] Suppl. Grover Decl. at ¶ 3; Suppl. A.B. Data Decl. at ¶ 5.

[34] Suppl. Grover Decl. at ¶ 3.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

IV.        **THE TERMS OF THE SETTLEMENT**

    A.   **The Settlement Class.**

The May 19, 2016 preliminary approval order defines the Settlement Class as follows:

> All natural persons who were California residents and who, while physically located in California, placed a call to one or more of 28 specific toll-free telephone numbers during the period from January 24, 2014 through May 1, 2015, inclusive, and spoke with a representative.[35]

A list of 28 toll-free numbers affected by a software error that caused un-noticed recording of calls to those numbers during the Class Period is attached to the Settlement Agreement as Exhibit G. Defendants have a record of every telephone number that called the toll-free telephone numbers listed in Exhibit G and was routed through the call recording software during the Class Period.[36] Defendants originally estimated that the Settlement Class totaled no more than 35,000 individuals.[37] As part of the process of cross-checking all of the telephone numbers and preparing the final Class Member Contact List, it was determined that there are approximately 14,935 Settlement Class Members who made a total of 30,851 telephone calls.[38]

    B.   **The Common Fund.**

The settlement provides that Defendants will fund a Gross Settlement Amount in the amount of $2,000,000 to resolve the claims covered by the settlement.[39] After subtracting out approximately $80,000 to pay the costs of notice and administration, the sum of $512,000, allocated to the fees and costs of Settlement Class Counsel, and $10,000 for the Settlement Class Representative's enhancement award, the remaining funds, referred to as the Net Settlement Fund, will be available for distribution in full to the Settlement Class Members who file timely and valid claims.[40] The Net Settlement Fund is estimated to be $1,398,000.[41] Defendants do not

---

[35] Dkt. 47 at p 2; *see also*, Dkt. 51-2, Ex. 1 at ¶ 1(h).

[36] Dkt. 51-2, Ex. 1 at ¶ 3.5.

[37] Dkt. 51-2, Ex. 1 at ¶¶ 1(h), 3.5.

[38] Dkt. 51-5, A.B. Data Decl. at ¶ 12.

[39] Dkt. 51-2, Ex. 1 at ¶ 3.1.

[40] Dkt. 51-2, Ex. 1 at ¶ 3.4; Dkt. 51-1, Grover Fee Decl. at ¶ 65.

[41] Dkt. 51-2, Ex. 1 at ¶ 3.4.

have any reversionary interest in the Gross Settlement Amount.[42]

### C. **Payments to Settlement Class Members.**

The Settlement Agreement allows Settlement Class Members to submit claim forms by mail or online to participate in the settlement.[43]  Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment representing a *pro rata* share of the Net Settlement Fund on a per call basis.[44]  Based on the 1,468 timely claims that have been filed covering approximately 2,569 total telephone calls, the estimated recovery on a per call basis is approximately $544.18 and the average claimant will receive $952.32.[45]

## V.   LEGAL ARGUMENT

The policy of the federal courts is to encourage settlement before trial, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.[46]  "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial. . . .  The economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."[47]

### A.   **The notice was the best notice practicable under the circumstances.**

Rule 23(c)(2) requires that class members receive "the best notice practicable under the circumstances."[48]  Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

---

[42] Dkt. 51-2, Ex. 1 at ¶ 3.8.

[43] Dkt. 51-2, Ex. 1 at ¶¶ 3.5, 7.1; Dkt. 51-5, A.B. Data Decl., Ex. A (explaining that claims may be submitted electronically or by mail).

[44] Dkt. 51-2, Ex. 1 at ¶ 3.5.

[45] Suppl. Grover Decl. at ¶ 2.

[46] *Churchill Village*, 361 F.3d at 575 (noting "strong judicial policy" favoring settlements, provided they were reached through arm's-length, non-collusive negotiations); *Hanlon*, 150 F.3d at 1027 (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement).

[47] *Franklin v. Kaypro*, 884 F.2d 1222, 1225 (9th Cir. 1989).

[48] Fed. R. Civ. P 23(c)(2); *see also*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974); *Churchill Village*, 361 F.3d at 575.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[49]  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[50]

On May 19, 2016, the Court approved the proposed class notices and notice procedure and authorized their distribution to the class.[51]  Under that Order, A.B. Data distributed notice of the settlement through mail notification, email notification, telephone notification and a settlement website.[52]  A.B. Data successfully mailed 11,306 Class Notices and successfully emailed 1,965 email notices.[53]  A.B. Data also made 3,169 telephone calls.[54]

In addition to the notice procedures set out in the May 19, 2016 order, the Parties authorized A.B. Data to send out a reminder postcard approximately five weeks before the claims deadline.[55]

The notice approved by the Court at the preliminary approval stage and carried out by A.B. Data was the best notice practicable under the circumstances and fairly apprised Settlement Class Members of the proposed settlement terms and their options.

**B.   Final approval of the Settlement is warranted.**

Under Federal Rule of Civil Procedure 23(e), any proposed class settlement must have the Court's approval.  Court approval of class action settlements requires the following steps:

> (1)   Preliminary approval of the proposed settlement at a preliminary hearing;

---

[49] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[50] *Churchill Village*, 361 F.3d at 575.

[51] Dkt. 47.

[52] *See* Dkt. 51-5, A.B. Data Decl. at ¶¶ 5-24.

[53] Dkt. 51-5, A.B. Data Decl. at ¶¶ 14, 21.

[54] Dkt. 51-5, A.B. Data Decl. at ¶ 16.

[55] Dkt. 51-5, A.B. Data Decl. at ¶22 and Ex. C.

(2)    Dissemination of mailed and/or published notice of the settlement to all affected Class members; and

(3)    A "formal fairness hearing," or final settlement approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.[56]

The first two steps of this process are now complete.  The first step was completed on May 19, 2016, when this Court conducted a hearing and granted preliminary approval to the settlement.[57]   In doing so, the Court determined that the settlement was within the range of acceptable outcomes and that notice should be distributed to the Class Members regarding the Settlement's terms and the scheduling of the formal fairness hearing.[58]  The second step in the class action settlement approval process, the dissemination of the notice, is complete as well.

The final step in the class action settlement approval process is the final approval hearing, at which the Court determines whether the settlement is fair, adequate, and reasonable.[59]  At the final approval hearing, Class Counsel will present evidence and argument in support of the settlement.  At the conclusion of the final approval hearing, the Court will decide whether to grant final approval of the settlement and whether to enter a final order and judgment.

**1.    Each of the relevant criteria supports final approval.**

When evaluating the fairness, reasonableness and adequacy of a settlement, courts consider some or all of the following factors:   the strength of the plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement.[60]  In addition, the

---

[56] Manual for Complex Litigation, Fourth (4th ed. 2004) ("Manual") § 21.632-34.

[57] Dkt. 47.

[58] *Id.*

[59] Fed. R. Civ. P. 23(e)(2).

[60] *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

Court must determine that the settlement was not the product of collusion between the negotiating parties.[61]  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case."[62]

<div align="center">

**a.   The strength of Plaintiff's case and the risks of going forward favor final approval.**

</div>

Fairness of the settlement is demonstrated in part by the uncertainty and risks to the Plaintiff – both the risk of failing to prevail on one or more causes of action and the risk of failing to certify a class.[63]  Defendants have raised what they consider to be both substantial defenses to Plaintiff's claims and significant hurdles to class certification.[64]

For example, Defendants have argued, among other things, that the credit card issuers to whom Defendant provide staffing have secured customer consent for the recording of telephone calls.  Defendants also assert that, except for a computer error issue that affected certain toll-free numbers for a period of time, they have consistently provided notice of call recording, leading to individualized inquiries as to which putative class members previously heard warnings when calling Vantiv staffed toll-free telephone numbers.  Defendants also argue that Section 632.7 does not apply to calls answered by VoIP devices or computers and a class-wide damage award would violate the Due Process Clause.[65]

In addition, Defendants also have argued that a class is not ascertainable and that individual issues would predominate over common issues.  Defendants contend that Plaintiff would have lost the contested class certification motion.[66]

---

[61] *Id.*

[62] *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

[63] Dkt. 41-1, Declaration of Eric A. Grover in Support of Motion for Preliminary Approval ("Grover Prelim. Approval Decl.") at ¶¶ 12-14, 34-35; *see also*, Dkt. 51-1, Grover Fee Decl. at ¶¶ 57-58.

[64] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 13-14, 35; *see also*, Dkt. 51-1, Grover Fee Decl. at ¶ 58.

[65] Dkt. 51-1, Grover Fee Decl. at ¶ 58.

[66] *See* Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 12, 13, 35.

Further uncertainty arises from the limited case law interpreting § 632.7 in the class action context, determining liability for alleged non-consensual telephone call recording under the statute, and setting out methods of acceptable class-wide proof regarding various issues.[67]

While Plaintiff and Class Counsel disagree with Defendants and believe that the claims could be proved successfully on a class-wide basis, Plaintiff recognizes that there is a risk that the Court might deny class certification or, following initial certification, subsequently decertify the class based on unanticipated individualized issues or manageability concerns. Were the class not certified, it is unlikely that any additional putative Class Members would maintain individual actions against Defendants given the statutory maximum recovery of $5,000 per violation.[68]

Although believing Plaintiff's case to be strong, Class Counsel took all of those issues into consideration when concluding that the Class Members' recovery through the settlement was prudent and fair.

**b. The complexity, expense and likely duration of continued litigation weigh in favor of final approval.**

Like other privacy class action cases, this action already has been costly and time-consuming to prosecute. Continued litigation of this action against Defendants would likely be complex and expensive due to the subject matter, the size of the class. Furthermore, the Settlement avoids the need for a contested class certification motion that would be time consuming and costly for Plaintiffs to file, Defendant to oppose, and the Court to decide. In addition, if the Court were to deny such a motion for class certification, Class Members would be left without a group remedy, and the issues presented here would need to be litigated individually in a piecemeal, costly, and time-consuming fashion. The Settlement also avoids a lengthy trial or trials that likely would have involved testimony by numerous witnesses and experts.[69] In contrast, the settlement ensures timely relief and a substantial and risk-free recovery for the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

---

[67] Dkt. 51-1, Grover Fee Decl. at ¶ 58.

[68] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 34-35.

[69] *See id.*

proposed Settlement Class.[70]

Moreover, if Plaintiff was not successful in certifying the class, Class Members would be left without a group remedy, and the issues presented here would need to be litigated individually in a piecemeal, costly, and time-consuming fashion. If even five percent of the class members were to pursue their individual claims, the resulting approximately 750 cases would be a drain on judicial resources, and the other 95% would be left with no remedy at all. And even if the class were certified and never decertified, the class trial, which likely would involve testimony by numerous witnesses and experts, would be costly for the court as well.[71]

### c. The value of the settlement favors final approval.

Defendants have agreed to pay $2,000,000 with no possibility of reversion.[72] The settlement provides a good result for Settlement Class Members in terms of a cash settlement payable in a single payment. The value of the settlement is enhanced by its status as an all-cash settlement with no coupons or other non-cash benefits.[73] The amounts for which Settlement Class Members are eligible are not only in line with other similar settlements, but also are commensurate with the risk-adjusted value of the claim.[74]

Settlements that constitute a fraction of the *potential* recovery that could be obtained if everything broke in plaintiffs' favor at every step along the way do not preclude a court from finding that the settlement is fair.[75] Indeed, when compared in absolute terms, the proposed settlement in this action compares quite favorably against 11 recent phone recording settlements that received final approval.[76]

---

[70] *See id.*

[71] *See id.*

[72] Dkt. 51-2, Ex. 1 at ¶ 3.1.

[73] *See id.*

[74] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 15.

[75] *See Hanlon*, 150 F.3d at 1027; *Officers for Justice*, 688 F.2d at 628.

[76] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 15. By "per capita terms," Plaintiff is referring to the maximum settlement amount divided by the total number potential class members.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1. In *Skurov. BMW of North America, LLC,* USDC CD Cal. Case No. 10-cv-8672 GW, the settlement involved 40,000 class members and gave them the option of selecting a six month extension of the BMW Assist basic safety plan or making a cash claim.  If all class members selected the cash option, the per capita value of the cash option would be $7.50 ($300,000/40,000 class members).

2. In *Marenco v. Visa Inc.,* USDC CD Cal. Case No. 10-cv-8022 DMG, the court approved an $18,000,000 settlement for a class that numbered 600,000.  Thus, the per capita monetary recovery in that case was $30 per class member ($18,000,000/600,000 class members).

3. *Batmanghelich v. Sirius XM Radio, Inc.,* USDC CD Cal. Case No. 09-cv-9190 VBF settled for $9,480,000.  The class size exceeded 1,700,000.  At 1,700,000 class members, the per capita monetary recovery in that case was $5.77 per class member ($9,480,000/1,700,000 class members).

4. In *Greenberg v. E-Trade Financial Corporation,* Los Angeles County Superior Court Case No. BC360152, the court approved a $7,500,000 settlement covering as many as 1,400,000 class members, which resulting in a per capita monetary recovery of $5.38 per class member ($7,500,000/1,000,000 class members).

5.  In *Nader v. Capital One Bank (USA)*, N.A., USDC CD Cal. Case No. 2:12-cv-01265-DSF, the court approved a settlement of $3,000,000 for 1,100,000 class members, equating to a per capita recovery of $2.73 per class member ($3,000,000/1,100,000 class members).

6. In *Cohorst v. BRE Properties, Inc. et al.,* USDC SD Cal. Case No. 10-cv-2666, the court approved a $5,500,000 settlement covering as many as 1,170,584 class members.  In per capita terms, recovery in that case amounted to approximately $4.70 per potential class member ($5,500,000/1,170,584 potential class members).

7. In *Knell v. FIA Card Services,* USDC SD Cal. Case No. 12-CV-00426-AJB-WVG, the court approved a $2,750,000 settlement covering 3,650,000 class members.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

This resulted in a per capita recovery of $0.75 per class member ($2,750,000/3,650,000 class members).

8.  *Hoffman v. Bank of America,* USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB, settled for $2,600,000. The class size exceeded 1,400,000. At 1,400,000 class members, the per capita monetary recovery in that case was $1.86 per class member ($2,600,000/1,400,000 class members).

9.  In *Mount v. Wells Fargo,* Los Angeles Superior Court Case No. BC395959, the court approved a $5,600,000 settlement covering as many as 600,000 class members. In per capita terms, recovery in that case amounted to approximately $9.33 per class member ($5,600,000/600,000 class members).

10. *McCabe v. Six Continents Hotels, Inc.,* USDC ND Cal. Case No. 3:12-cv-04818-NC settled for $11,700,000. The class size was 698,000, making the per capita recovery $16.76 per class member ($11,700,000/698,000 class members).[77] Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation are class counsel.

11. *Roberts v. WyndhamHotels and Resorts, LLC,* USDC ND Cal. Case No. 3:12-cv-05083-LB settled for $7,325,000. This case also settled on a per call basis. A class of 115,770 made 185,000 calls, making the per capita value of the settlement $63.20 per class member and $39.59 per call.[78] Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation are class counsel.

Here, the settlement provides that Defendants will pay a total settlement amount of $2,000,000 to resolve all claims covered by the settlement.[79] Given the estimated approximately 14,935 potential class members and 30,851 total calls, the per capita value of this settlement is

---

[77] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 15.

[78] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 15; Suppl. Grover Decl. at ¶ 5.

[79] Dkt. 51-2, Ex. 1 at ¶ 3.1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

per \$133.91 per class member (\$2,000,000/14,935) and \$64.83 per call.[80]  Based on the timely claims received to date, each Settlement Class Member who has submitted the simple claim form approved by the Court will receive a settlement payment of approximately \$544.18 per call based on the distribution formula.[81]  That is a substantial and immediate monetary benefit, avoiding the very real risk of not succeeding at the certification or liability phases, or of succeeding then facing the risk and delay inherent in years of appeals.[82]

In light of the risks, costs and delays of continued and potentially protracted litigation, these recovery amounts are fair, reasonable, and adequate.

> **d. Before entering into the settlement, the Parties conducted discovery and reviewed and analyzed documents and data regarding the strengths and weaknesses of this action.**

Settlement was achieved only after the Parties exchanged substantive information through formal and informal discovery and apprised each other of their respective factual contentions, legal theories, and defenses.[83]  Defendants produced responses to Plaintiff's multiple sets of written discovery.  Defendants and third party Kinecta Federal Credit Union produced more than 2,000 pages of relevant documents.[84]  The information exchanged enabled Plaintiff to evaluate the strengths, weaknesses and risks of the class claims and defenses and to negotiate a fair, reasonable, and adequate settlement.[85]

---

[80] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 15; *see also*, Dkt. 51-5, A.B. Data Decl. at ¶¶ 9, 12 (explaining class size is 14,935); Dkt. 51-1, Grover Fee Decl. at ¶ 19, fn. 2 (same); Suppl. A.B. Data Decl. at ¶ 4.

[81] Suppl. Grover Decl. at ¶ 2.

[82] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 12-14, 35; Dkt. 51-1, Grover Fee Decl. at ¶¶ 57-58.

[83] Dkt. 51-1, Grover Fee Decl. at ¶¶ 9-13; Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 33-35.

[84] Dkt. 51-2, Ex. 1 at ¶¶ B, C; Dkt. 51-1, Grover Fee Decl. at ¶ 10.

[85] Dkt. 51-1, Grover Fee Decl. at ¶ 60; Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 33-35; *see Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases"); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

The Parties engaged in extensive good-faith, arm's-length negotiations.  On February 5, 2016, the Parties engaged in an all-day mediation session with the Hon. Layn R. Phillips (Ret.), formerly of the United States District Court for the Western District of Oklahoma.[86]  In response to a proposal by Judge Phillips, the Parties reached a tentative agreement.[87]

Before accepting the proposal, however, Class Counsel reviewed the proposed settlement terms with Settlement Class Representative Nguyen and obtained his approval.[88]  Putting the Agreement into its final form took further negotiation, and Class Counsel reviewed the proposed final settlement terms with Settlement Class Representative Nguyen before he signed the Agreement.[89]

**e.   The experience and views of Class Counsel favor final approval.**

When qualified and well-informed counsel endorse a settlement as fair, that is entitled to significant weight.[90]  "This is because 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.'"[91]  "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'"[92]

Class Counsel believe this settlement to be an excellent result for the Class Members and superior to the results obtained for numerous other comparably-sized classes.[93]  Class Counsel have significant experience in complex class litigation, including actions involving non-

---

[86] Dkt. 51-2, Ex. 1 at ¶ C; Dkt. 51-1, Grover Fee Decl. at ¶ 10.

[87] Dkt. 51-2, Ex. 1 at ¶ C.

[88] Dkt. 51-1, Grover Fee Decl. at ¶ 37; Dkt. 51-6, Nguyen Decl. at ¶¶ 7-8.

[89] Dkt. 51-6, Nguyen Decl. at ¶ 8.

[90] *Nat'l Rural Telecom.*, 221 F.R.D. at 528 ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." (citation omitted).

[91] *Id.*, quoting *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir.Cal. 1995).

[92] *Id.* (citations omitted); *see also*, *Officers for Justice*, 688 F.2d at 625 (a court's inquiry is ultimately limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties ...").

[93] *See* Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 12, 15-16, 33-35.

consensual call recording and other privacy claims.[94]  Class Counsel are of the opinion that the settlement is fair, adequate, reasonable, and in the best interests of the Class Members.[95]

### f. Class Members' positive reaction to the settlement favors final approval.

Finally, courts look at the reaction of class members to determine whether a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of great importance here is that not one person out of an estimated 14,935 Settlement Class Members objected to the settlement.[96]  "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."[97]  Only one Settlement Class Members opted out of the settlement.[98]  Further, at least 1,468 Class Members filed timely claims.[99]  The Court should construe the overwhelming non-opposition to and substantial participation in the settlement as strong indications of Settlement Class Members' support for the settlement.

### g. The settlement was the product of informed, non-collusive, arm's-length negotiations.

Courts routinely presume a settlement to be fair where it is reached through arm's-length bargaining.[100]  The Parties engaged in extensive good-faith negotiations, including a full-day

[94] Dkt. 51-1, Grover Fee Decl. at ¶¶ 2-4, 46-48, 59; Dkt. 51-4, Bernstein Declaration in support of Fee Motion ("Bernstein Fee Decl.") at ¶ 2, Ex. 1.

[95] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 12, 15-16, 33-35.

[96] Suppl. A.B. Data Decl. at ¶ 7; Suppl. Grover Decl. at ¶ 4.

[97] *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at, 529.  *See also*, *Hanlon*, 150 F.3d at 1027 (9th Cir. Cal. 1998) (finding support for the settlement's fairness in "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class."); *Churchill Village*, 361 F.3d at 575 (affirming approval of class settlement, noting there were only 45 objections out of 90,000 class members); *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 37286, at *25 (finding that 110 objectors in 62 million person class -- approximately one in every 560,000 class members – weighed in favor of final approval).

[98] Suppl. A.B. Data Decl. at ¶ 6.

[99] Suppl. A.B. Data Decl. at ¶ 4; *see also*, Suppl. Grover Decl. at ¶ 2.

[100] *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667, at *42 (N.D. Cal. Apr. 1, 2011) (finding that settlement reached after two

*(Cont'd)*

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

mediation session conducted before a respected federal judge (retired).   The settlement reached was the product of zealous advocacy and informed, non-collusive and arm's-length negotiations between skilled and experienced counsel.[101]

### C.   The Settlement Class meets the Rule 23 class certification requirements.

In its preliminary approval order, the Court conditionally held that, for settlement purposes, the Settlement Class satisfies the Federal Rule 23 class certification criteria.[102]  For the reasons discussed below, the certification of the Settlement Class for settlement purposes should be confirmed in a final approval order.

### 1.   The Class is too numerous for joinder to be practicable.

The numerosity prerequisite demands that the class be large enough that joinder of all members would be impracticable.[103]  While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members.[104]

Defendants have records of all telephone numbers that called the toll-free telephone numbers at issue in this action and were routed through the call recording software during the Class Period.  Based on those records, Defendants estimate that there are approximately 14,935 Settlement Class Members.[105]  Thus, in addition to being ascertainable, the proposed Settlement Class is sufficiently numerous to warrant certification.

///

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

---

mediation sessions before an experienced and retired judge was reached in a "procedurally sound manner and that it was not the result of collusion or bad faith by the parties or counsel"); *see also Satchell v. Fed. Exp. Corp.*, No. C 03-2659 SI, 2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 U.S. Dist. LEXIS 55581, at *22 (C.D. Cal. May 11, 2010) (citing *Satchell*).

[101] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶¶ 33-34; Dkt. 51-1, Grover Fee Decl. at ¶¶ 9-10.

[102] Dkt. 47.

[103] Fed. R. Civ. P. 23(a)(1).

[104] *See e.g.*, *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (40 class members satisfies numerosity); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006) (same).

[105] Dkt. 51-5, A.B. Data Decl. at ¶¶ 9, 12; Dkt. 51-1, Grover Fee Decl. at ¶ 18, n.2.

1

### 2. Commonality is satisfied.

2   To qualify for certification, proposed class members must share common questions of fact

3   and law.[106]  To satisfy commonality, the plaintiff must assert at least one common contention that

4   is capable of class-wide resolution.[107]

5   In this action, the proposed Settlement Class Members' claims all stem from a common

6   set of circumstances.  All of the Settlement Class Members made calls to one or more of 28 toll-

7   free telephone numbers operated by Defendants that were affected by a software error that

8   resulted in un-noticed recording of calls during the Class Period.  Whether Defendants' uniform

9   un-noticed call recording during the Class Period violated Penal Code §§ 632 and 632.7 creates

10  questions of law and fact common to all Settlement Class Members.  All Settlement Class

11  Members seek the same legal remedies under Penal Code §637.2.[108]

12  Under these circumstances, the requirement that common questions of law and/or fact

13  exist among the proposed Settlement Class Members is satisfied for purposes of certifying the

14  proposed class for settlement.[109]

15

### 3. Plaintiff's claims are typical of those of the Class Members.x

16  The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims "are

17  reasonably co-extensive with those of absent class members; they need not be substantially

18  identical."[110]  Here typicality is satisfied because Plaintiff's claims are the same as the claims

19  brought by settlement Class Members.  Plaintiff Nguyen, the proposed Settlement Class

20  Representative, like all of the proposed Settlement Class Members, made calls during the Class

21  Period to one or more of Defendants' toll-free customer-service lines at issue from a telephone

22  while located in California, reached a representative of Defendants, and had his calls recorded,

23

24

---

25  [106] Fed. R. Civ. P. 23(a)(2); *see also, Hanlon*, 150 F.3d at 1019 (commonality is "construed permissibly").

26  [107] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

27  [108] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 40.

[109] *Id.*

28  [110] *Hanlon*, 150 F.3d at 1020.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

allegedly without his consent.[111]  Thus, Plaintiff's claims arise from the same course of conduct from which the Settlement Class Members' claims arise.[112]

### 4. Plaintiff and his counsel will fairly and adequately represent the Class.

Rule 23(a) also requires that the "representative parties will fairly and adequately protect the interests of the class."[113]  This means that proposed class representatives and their counsel cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class.[114]  Neither Plaintiff nor any of his Counsel has a conflict with any Settlement Class Member.  Plaintiff also has demonstrated that he will aggressively and competently assert the interests of the proposed Settlement Class Members.[115]  Plaintiff has retained competent counsel, Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation, who are experienced in litigating complex class actions, including those involving the California Invasion of Privacy Act, Penal Code §§ 630, *et seq.*[116]  Plaintiff has and will continue to assert the interests of the Settlement Class Members aggressively and competently.[117]

### 5. FRCP 23(b)(3) class certification requirements are satisfied.

Rule 23(b)(3) requires that the common legal and fact questions represent a significant aspect of the case and do not appear to be outweighed by any questions affecting only individual members.[118]  Here, a common question predominates over any individual issues – whether Defendants had policies and practices of recording telephone calls to its call centers without the

---

[111] *See* Dkt. 48, the First Amended Complaint.

[112] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 41.

[113] Fed. R. Civ. P. 23(a)(4).

[114] *Hanlon*, 150 F.3d at 1020.

[115] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 42.

[116] Dkt. 51-1, Grover Fee Decl. at ¶¶ 2-4, 46-48, 59; Dkt. 51-4, Bernstein Fee Decl. at ¶ 2, Ex. 1; see also, Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 42.

[117] *See* Dkt. 51-1, Grover Fee Decl. at ¶¶ 35, 37; *see also*, Dkt. No. 51-6 (Nguyen Declaration).

[118] *See Hanlon*, 150 F.3d at 1022 ("When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1778 (2d ed. 1986)).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

knowledge and consent of callers. These uniform policies and practices are at the core of Plaintiff's allegations that Defendants violated California Penal Code §§ 632 and 632.7. Thus, they would determine liability to the Settlement Class and, therefore, would predominate over any potential individualized issues.[119]

Furthermore, litigating this case as a class action promotes judicial economy. Because this case involves thousands of claims for a statutory maximum recovery of $5,000, a class action is superior to an alternative method for adjudicating the claims.[120] Notably, no potential Class Member has proceeded with an individual claim independently. Although manageability is not a concern in the settlement context,[121] Plaintiff is unaware of any issues that would render unmanageable the adjudication of Plaintiff's class claims if the case were to proceed to trial. Accordingly, the class action device is the superior method for adjudication the claims in this action.

## VI.   CAFA NOTICE

Proof that the required CAFA Notice was sent out was filed on July 14, 2016.[122]

## VII.   CONCLUSION

The proposed class settlement is fair, reasonable and adequate. The proposed settlement will result in substantial risk-free and reversion-free benefits to Settlement Class Members and was achieved through informed, lengthy, non-collusive and arm's length negotiations conducted by experienced counsel. For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the parties' class action settlement and enter the proposed order and

---

[119] Dkt. 41-1, Grover Prelim. Approval Decl. at ¶ 40.

[120] *See Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1154, 1163 (9th Cir. 2001) ("[I]f plaintiffs cannot proceed as a class, some -- perhaps most -- will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover.").

[121] *Amchem Prods., Inc. v. Windsor* 521 U.S. 591, 593 (1997) ("Whether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial.").

[122] Dkt. 50.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1   judgment submitted herewith, which addresses final approval of the settlement and the requests

2   made in the Fee Motion that was filed on September 30, 2016.[123]

3

4   Dated:  October 26, 2016                **KELLER GROVER LLP**

5

6                                          By:   _/s/ Eric A. Grover_

7                                          ERIC A. GROVER
                                           RACHAEL G. JUNG

8                                          *Counsel for Plaintiff and the Class*

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

[123] Dkt. 51.